IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01741-PAB

OVERHEAD SOLUTIONS, INC., d/b/a A1 Garage Doors, a Colorado corporation,

　　Plaintiff,

v.

A1 GARAGE DOOR SERVICE, L.L.C., an Arizona limited liability company,

　　Defendant.

## ORDER TO SHOW CAUSE

　　The Court takes up this matter *sua sponte* on the plaintiff's Verified Complaint and Jury Demand [Docket No. 1]. Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 1 at 2, ¶ 5.

　　In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish the citizenship of defendant A1 Garage Door Service, L.L.C.

Plaintiff states that "[t]he citizenship of a corporation or limited liability company is determined by the entity's statement of incorporation/organization as well as where the entity has its principal place of business." Docket No. 1 at 2, ¶ 6. However, while a corporation's citizenship is based on its state of incorporation and principal place of business, 28 U.S.C. § 1332(c)(1), the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("in determining the citizenship of an unincorporated association for purposes of diversity, federal courts

must include all the entities' members."). Because the complaint does not identify defendant's members or the citizenship of those members, the Court is unable to determine defendant's citizenship and whether the Court has jurisdiction. *Cf. Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)). It is therefore

**ORDERED** that, on or before **June 27, 2019**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED June 17, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge