IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01741-PAB

OVERHEAD SOLUTIONS, INC., d/b/a A1 Garage Doors, a Colorado corporation,

    Plaintiff,

v.

A1 GARAGE DOOR SERVICE, L.L.C., an Arizona limited liability company,

    Defendant.

---

## SECOND ORDER TO SHOW CAUSE

---

This matter is before the Court on Plaintiff's Response to the Court's June 15, 2011 [sic] Order to Show Cause (Doc. No. 7) [Docket No. 8]. Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 1 at 2, ¶ 5.

Plaintiff filed this lawsuit on June 14, 2019. Docket No. 1. On June 17, 2019, the Court ordered plaintiff to show cause why the case should not be dismissed due to the Court's lack of subject matter jurisdiction. Docket No. 7. The Court noted that plaintiff's allegations were insufficient to establish diversity jurisdiction because plaintiff did not identify defendant's members or the citizenship of those members, as required to determine the citizenship of a limited liability company. *Id.* at 3.

Plaintiff filed its response to the Court's show cause order on June 24, 2019. Docket No. 8. In that response, plaintiff alleges that defendant has only one member, Thomas Anthony Mello II, and that Mr. Mello resides in Arizona. *Id.* at 2, ¶¶ 6-10.

Specifically, plaintiff alleges that Mr. Mello "resides in a single-family home" in Scottsdale, Arizona and "pledged such property as collateral as recently as January 2019." *Id.*, ¶ 10. According to plaintiff, this renders defendant a citizen of Arizona. *Id.*, ¶ 11.

However, plaintiff has failed to establish that Mr. Mello is a citizen of Arizona. Domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

Although Mr. Mello's act of pledging Arizona property as collateral in January 2019 may demonstrate that he owns property in Arizona, this fact alone does not demonstrate that he is domiciled there. *See Reece v. AES Corp.*, 2013 WL 1342379, at *4 (E.D. Okla. Apr. 2, 2013) ("[A] person may own property in a particular state without being a citizen of it."); *Whitener v. Burnett*, 2010 WL 11618919, at *3 (D.N.M. Dec. 13, 2010) (stating that "a person may have many residences," but "may only have one domicile"); *see also* 13E Charles Alan Wright et al., Federal Practice & Procedure § 3612 (3d ed.) (noting that the citizenship inquiry "must be done on a case by case basis" and that "[n]o single factor is conclusive"). Courts typically consider several

factors in determining a party's citizenship, such as "voter registration and voting practices; . . . location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; . . . [and] payment of taxes." *Dumas v. Warner Literary Grp.*, LLC, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016); *see also Alpine Bank v. Carney Bros. Constr.*, No. 05-cv-00026-EWN-KLM, 2008 WL 4080003, at *3 (D. Colo. Sept. 2, 2008) (citing additional factors, including "length of residence, . . . whether the party moved his or her belongings, and where a party receives mail"). Plaintiff has not addressed whether these factors indicate that Mr. Mello is domiciled in Arizona.

Plaintiff cannot establish the citizenship of defendant without establishing the citizenship of Mr. Mello. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). *Cf. Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)). Accordingly, it is

**ORDERED** that, on or before **July 9, 2019**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

3

DATED July 1, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge