# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01741-PAB-NYW

OVERHEAD SOLUTIONS, INC., D/B/A A1 GARAGE DOORS, a Colorado corporation,

     Plaintiff,

v.

A1 GARAGE DOOR SERVICE, L.L.C., an Arizona limited liability company,

     Defendant.

---

# ORDER

---

Magistrate Judge Nina Y. Wang

     This matter is before the court on the Plaintiff's Motion to Stay Discovery ("Motion to Stay") [#139, filed November 17, 2020], which was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated July 31, 2019 [#14], and the Memorandum dated November 17, 2020 [#140]. This court has reviewed the Motion to Stay [#139], Defendant's Response in Opposing to Plaintiff's Motion for Stay of Discovery [#143] and finds that oral argument will not materially assist in the resolution of this instant Motion.

# BACKGROUND

     The background of this case has been discussed in detail, *see* [#121], and therefore, will only be addressed here summarily as it relates to the instant Motion. Plaintiff Overhead Solutions, Inc. d/b/a A1 Garage Doors ("Plaintiff") initiated this action by filing a Verified Complaint and Jury Demand on June 14, 2019. [#1]. In the Complaint, Plaintiff alleges that Defendant A1 Garage Door Service, L.L.C ("Defendant") infringes on its trademark under Colorado law, Colo. Rev. Stat. § 7-7-101 *et seq.* ("Count I"); infringes on its common law trademark rights ("Count II");

(3) seeks injunctive relief as to its trademark claims ("Count III"); (4) misappropriates its identity under Colorado law; ("Count IV"); and (5) violates the Colorado Consumer Protection Act ("CCPA") ("Count V").   Defendant filed an Answer and Counterclaim on October 21, 2019, asserting counterclaims of trademark infringement under the federal Lanham Act, 15 U.S.C. § 1117(a); false designation of origin, unfair competition, and false advertisement pursuant to the Lanham Act, 15 U.S.C. § 1125(c); common law trade name infringement; violation of the Uniform Deceptive Trade Practices Act; common law unfair competition; seeking accounting; and cancellation of Plaintiff's state trademark registration.  [#33].

The Parties have each represented by counsel since the inception of the case.  Originally, requests for production and requests for admission were due to be served no later than December 21, 2019; fact discovery was scheduled to close on April 22, 2020; interrogatories were due no later than 45 days prior to the discovery deadline for fact discovery with a May 21, 2020 deadline for interrogatories directed at expert discovery; affirmative and rebuttal expert disclosures were to be made on June 22, 2020 and July 22, 2020, respectively; expert discovery was set to close on August 21, 2020; and a Final Pretrial Conference was set for November 13, 2020 at 11:00 a.m. [*Id.*].  After a short stay to facilitate a potential settlement [#42; #44], the Parties filed a Joint Motion for Enlargement of Time in Which to Complete Discovery on April 9, 2020.[1]  [#50].  The court granted a 60-day extension to the deadlines based on the burdens arising from the COVID-19 pandemic.  [#52].  But it also advised the Parties that no further extensions would be permitted absent extraordinary circumstances and that any further extensions requested would require a

---

[1] The original Motion for Extension was stricken for failure to comply with the Local Rules of Civil Practice.  [#45; #49].

demonstration of diligence as well as a particularized plan to complete the necessary discovery. [*Id.*].

Two months later, on June 23, 2020, lead defense counsel withdrew as counsel. [#67; #68], and subsequently, Nathan Brown and Timothy Coons entered their appearances on behalf of Defendant.[2] On July 21, 2020, the Parties requested a Telephonic Status Conference with the court to discuss further extensions, which was granted and proceeded before this court on July 28, 2020. [#71; #78]. Based on the retention of new counsel and the continued issues related to the limitations arising from COVID-19, the court granted the extension, therbey setting the following deadlines: August 4, 2020 for the service of interrogatories and requests for production; September 21, 2020 for the designation of affirmative experts; September 24, 2020 for fact discovery; October 20 2020 for the designation of rebuttal witnesses; November 6, 2020 for expert discovery; November 20, 2020 for dispositive motions; and the Final Pretrial Conference for January 27, 2021 at 2:00 p.m. [#79]. The court indicated that no further extensions would be granted absent extraordinary circumstances. [*Id.*].

After almost nine months of discovery, the Parties raised their first discovery issues, followed by a series of disputes raised by both Parties, motions for extension of time to complete discovery, motions for sanctions arising from discovery conduct, notices regarding certain discovery conduct, and objections to the discovery rulings by this Magistrate Judge. *See, e.g.*, [#80; #82; #83; #89; #99; #105; #110; #117; #119; #121; #123; #125; #127; #128; #130; #131; #135; #138; #139 (this instant motion); #141; #144]. On September 17, 2020, Plaintiff sought an extension of time to complete discovery and file its expert report on damages. [#97]. The Motion

---

[2] Mark Sabey, of the law firm of Hall Render Killian Heath & Lyman, P.C. – Denver, remained as counsel.

for Enlargement of Time for Expert to Complete Discovery and Submit Report Under Plaintiff's

F.R.C.P. 26(a)(2) Disclosures ("Plaintiff's First Motion for Enlargement") indicated that it needed

an extension of time to disclose its damages expert because it had not obtained the information it

needed from Defendant.  [*Id.*].  Plaintiff's First Motion for Enlargement further indicated while

Defendant did not object to providing Plaintiff additional time to propound its damages expert,

Defendant did object to providing the information requested by Plaintiff in discovery.  [*Id.*].[3]

Despite this District's ample authority that  indicates that stays of discovery are disfavored

even in the face of a pending dispositive motion, *see Wason Ranch Corp. v. Hecla Mining Co*.,

No. CIV.A. 07-CV00267EWN, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), Defendant has

refused to produce responsive discovery and contends that it should not be required to engage in

discovery before the presiding judge, the Honorable Philip A. Brimmer, rules on the various

pending dispositive motions filed since the entry of new counsel.  [#144].  The most Defendant

would agree to is to bifurcate liability and damages discovery and reserve any discovery regarding

damages to not only after Chief Judge Brimmer rules upon the dispositive motions, but ***after

liability is tried*** separately from damages. [#133].  While this court declined to bifurcate discovery

or trial, and also declined to rule on the dispositive issue of whether Plaintiff could proceed with

its state law trademark infringement claim as asserted, it has repeatedly engaged with the Parties

to resolve discovery disputes and ordered the Parties to move forward with discovery.  [#107;

---

[3] Plaintiff filed a second Motion for Enlargement of Time in which to Complete Discovery and
Identify Experts ("Plaintiff's Second Motion for Enlargement of Time") [#105], which was largely
duplicative of the First Motion for Enlargement of Time but also asked for an opportunity to
designate a bankruptcy expert.  Because the bankruptcy issue is one that Plaintiff (though perhaps
not counsel) was aware from prior to the inception of this lawsuit, this court found no good cause
to permit such an enlargement of time to designate such expert, and denied without prejudice as to
the remainder of the relief overlapping with the First Motion for Enlargement of Time.  [#134].

#121; #123; #128; #131; #134].   Defendant has objected to the latest discovery framework articulated by the court [#138; #135; #144].

Contrary to the Local Rule of Civil Practice that makes clear that an Objection does not stay discovery to which it is directed, D.C.COLO.CivR 30.2,[4] the sum total of these actions is to bring pretrial proceedings to a grinding halt.   Thus, this court denied without prejudice Plaintiff's Motion for Enlargement, explaining on the record that it would be more appropriate to set a deadline for Plaintiff's disclosure of its damages expert report once the Chief Judge had an opportunity to resolve at least the Objection, because the court could not set a deadline for the expert report until the discovery issue was resolved.  [#138].  Despite previously indicating on the record that it had no objection to extending the deadline for Plaintiff's disclosure of an affirmative damages expert, but only objected to the additional discovery [#97; #114], Defendant most recently asserted that it held the position that "Plaintiff had their own information already that they could have produced damage calculations on through their expert, if they had wishe[d]."  [#138 at 7:5-15].

In the instant Motion to Stay filed on November 17, 2020, Plaintiff sought to stay discovery, again arguing that the financial discovery sought by Plaintiff was "imperative to the damage issues in the case.  Only with the discovery sought by Plaintiff will Plaintiff's damage expert will be able to define the full extent of the damages Plaintiff is seeking."  [#139 at 2]. Defendant objected, arguing that there were no discovery deadlines to be stayed, and all discovery deadlines have already passed.  [#143].  Defendant also requested that Plaintiff be required to pay Defendant's attorney's fees for having to file the Response.  [#143 at 2].

---

[4] Given the number of filings before Chief Judge Brimmer, this court did not order Defendant to proceed to file a formal motion to stay the discovery order pending the Objection.

## ANALYSIS

Defendant is correct in observing that discovery has closed in this case, and this court has twice denied without prejudice Plaintiff's request for additional discovery and for an extension of time to designate a damages expert. [#143]. But in so arguing, Defendant ignores the most salient point:  **<u>discovery closed without Defendant responding to discovery that this court concluded was not overbroad or overly burdensome in light of claims asserted in this action, and has done so even though this court explained that it was not persuaded that the dispositive issues identified by Defendant so clearly weighed in its favor to preclude discovery pending resolution of such motions</u>**.  As discussed above, this court denied both the First and Second Motions for Enlargement as they related to the discovery of financial information because Defendant elected to file an Objection and it was clear that it did not intend to permit any further discovery of its financial data before Chief Judge Brimmer resolved such Objection.

Based on the foregoing, the court will **DENY** the Motion to Stay [#139] as **MOOT** given its prior rulings on the First Motion for Enlargement and Second Motion for Enlargement. However, in doing so, this court **FINDS** as follows: to the extent that discovery is reopened after the resolution of the Objection, it will be reopened only for the purpose of completing outstanding financial discovery of Defendant.  It will not be reopened generally, and it will not be reopened for any discovery outstanding to Defendant, as no such issues have been identified as unresolved. If appropriate, the court will also set deadlines for the designation of damages experts.  This court further **DECLINES** to award Defendant any fees associated with its Response, for the following reasons: (1) it is improper for a party to seek relief in a response to an affirmative motion, D.C.COLO.LCivR 7.1(d); (2) the Response itself is two pages without a single citation to legal authority [#143]; and (3) the overall course of conduct in discovery does not warrant the conclusion

that Plaintiff is proceeding in bad faith rather than attempting to legitimately protect its interest in

certain discovery and pretrial disclosures.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)    Plaintiff's Motion to Stay Discovery [#139] is **DENIED AS MOOT**.

DATED:  December 21, 2020                    BY THE COURT:

Nina Y. Wang
United States Magistrate Judge