IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01741-PAB-NYW

OVERHEAD SOLUTIONS, INC., d/b/a A1 Garage Doors, a Colorado corporation,

    Plaintiff,

v.

A1 GARAGE DOOR SERVICE, L.L.C., an Arizona limited liability company,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Rule 72(b) Objection to the Honorable Magistrate Judge Nina Y. Wang's Framework [Docket No. 144]. Defendant argues that Judge Wang's minute order regarding the parties' discovery dispute [Docket No. 135] is dispositive, and, therefore, a recommendation, rather than an order, which the Court must review de novo, since defendant has properly objected. Docket No. 144 at 1–2. Plaintiff filed a response, Docket No. 147, to which defendant replied. Docket No. 161. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Defendant argues that the magistrate judge's order created two dispositive issues. First, the statement that "there is 'not much of a distinction between Colorado state common law with respect to trademarks versus federal common law with respect to trademarks,'" Docket No. 144 at 2–3 (quoting Docket No. 135 at 3), and that the remedies between the two systems are not distinct. *Id.* at 5. Defendant argues that the magistrate judge has assumed, without plaintiff having to prove, an "expansive concept

of Plaintiff's current claim and available remedies." *Id.* at 6.  Defendant insists that plaintiff has not pled any federal claims, seeks relief only pursuant to Colorado common law, and invoked the Court's jurisdiction only based on diversity jurisdiction.  *Id.* at 3.  Second, defendant interprets Judge Wang's framework as "outlin[ing] that Plaintiff's state common law trademark is given authority over Defendant's federally registered trademark."  *Id.* at 3.  Defendant insists, however, that "[a] state trademark can never have priority over a federal trademark when compared directly" and that "giving the state trademark any rights over a federal trademark would offend implied preemption" of the Lanham Act.  *Id.* at 8.

Federal Rule of Civil Procedure 72 does not list the specific motions or issues that fall into the dispositive and non-dispositive categories.  Instead, Congress has expressly listed those matters which must be ruled on by a district judge.  *See* 28 U.S.C. § 636(b)(1)(A).[1]  Regardless of how a motion is designated on its face, any motion having identical effect to those motions excepted in § 636(b)(1)(A) is considered a dispositive motion.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988).  A discovery dispute is not one of the matters specifically listed in § 636(b)(1)(A), and this is not a situation where the magistrate judge's order has equivalent practical effect to one of the listed motions because it does not dispose of

---

[1] "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, *except* a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. § 636(b)(1)(A) (emphasis added).

any claim or issue.  *Sherman v. Klenke*, No. 11-cv-03091-PAB-CBS, 2014 WL 12939925, at *1 (D. Colo. Feb. 20, 2014).  Rather, the magistrate judge's order in this case concerns plaintiff's outstanding discovery requests "that [plaintiff] contends are relevant to its damages theories and calculations."  Docket No. 135 at 1.

While defendant sought to bar discovery because it believes "its federal registration effectively divested Plaintiff of any state common law trademark protection," the magistrate judge "disagreed that it was required to, or should, rule on the dispositive issues presented by the Parties in order to make discovery rulings."  *Id.* at 3.  Far from creating dispositive issues, the order explained that the magistrate judge would defer resolution of the dispositive issues.  *Id.*  The magistrate judge also "ruled that it was disinclined to preclude any discovery on the argument that Plaintiff could not prevail on its common law trademark claim because it was entirely preempted by Defendant's federal registrations or that Plaintiff's arguments that it was a senior user of the trademark . . . were not viable."  *Id.*  The magistrate judge has not made "the framework . . . dispositive," Docket No. 144 at 1, because she has not disposed of an issue or claim in the case.  Rather, the magistrate judge has decided to permit discovery to proceed, which is well within the magistrate judge's jurisdiction over non-dispositive issues.  *See, e.g.*, *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("Discovery is a nondispositive matter."); *cf. Ocelot Oil*, 847 F.2d at 1462 ("Discovery is clearly a pretrial matter, and magistrates thus have general authority to order discovery sanctions.").

Because the issues in the discovery dispute are non-dispositive, the Court will

review the magistrate judge's order under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "'on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court finds no clear error in the magistrate judge's handling of the parties' discovery dispute, and defendant does not argue otherwise.

    Defendant first argues that, because plaintiff only asserted state law causes of action, "any attempt to introduce federal law causes of action or remedies is an improper expansion of the claims asserted by Plaintiff in this lawsuit and a dispositive ruling by the Honorable Magistrate." Docket No. 144 at 3–4. Defendant believes that the magistrate judge's "framework . . . allow[s] Plaintiff's exclusively state law claims to include federal law claims and remedies for the purpose of the discovery dispute." *Id.* at 4.

    The Court disagrees that the order expands plaintiff's claims or remedies. Rather, while defendant "argu[ed] that its federal registration effectively divested Plaintiff of any state common law trademark protection," the order states that "[t]his court respectfully disagreed that it was required to, or should, rule upon the dispositive issues presented by the Parties in order to make discovery rulings." Docket No. 135 at 3. The order, therefore, does not allow plaintiff's state law claims to "include federal law

claims and remedies for the purpose of the discovery dispute." Docket No. 144 at 4. The Court finds no clear error in the magistrate judge's decision not to rule on the dispositive issues. Rather, this determination was in conformity with Rule 72 and § 636(b)(1)(A).

Defendant next argues that the magistrate judge "took a position relating to the interplay and correlation of the rights and associated damages under state . . . trademark common law and federal trademark common law" by stating that "she is not persuaded that 'there is much of a distinction between Colorado state common law with respect to trademarks versus federal common law with respect to trademarks,'" *id.* at 4–5 (quoting Docket No. 144-2 at 21:21–24), and that "she does not see any distinction between remedies set forth between state common law and federal common law." *Id.* (citing Docket No. 144-3 at 20:4–16). Defendant argues that plaintiff has not proven that it is entitled to such remedies or that courts have granted such remedies. *Id.* at 6.

The Court disagrees with defendant's reading of the magistrate judge's order. First, the order states only that the magistrate judge "could not make much of a distinction," and, additionally, it "allowed the Parties to make further submissions of their arguments" on this issue. Docket No. 135 at 3. Second, the magistrate judge stated that "[d]efendant may ultimately be right that certain remedies are not appropriate." Docket No. 144-3, 20:20-21. The magistrate judge continued, "I doubt that unequivocal sense by looking at the case law," *id.* at 20:21–22, indicating that, contrary to defendant's interpretation of her order, she did not think the case law foreclosed defendant's argument. The Court finds no clear error here.

Defendant finally argues that the magistrate judge's order gives plaintiff's state

5

common law trademark priority over defendant's federally registered trademark. Docket No. 144 at 3. Defendant insists, however, that "[a] state trademark can never have priority over a federal trademark when compared directly" and that "giving the state trademark any rights over a federal trademark would offend implied preemption" of the Lanham Act, which applies when "federal and state trademark laws come into direct conflict," as in this case. *Id.* at 8. Defendant "requests that this Court accept the interpretation held by a majority of Circuits barring this action, and thus bar the Plaintiff's trademark claims." *Id.* at 10. The magistrate judge, however, did not give plaintiff's common law trademark priority over defendant's federally registered trademark. Rather, the magistrate judge's order states that defendant had not "persuaded this court that the case law clearly defined the remedies under Colorado common law trademark as being distinct from the remedies available under . . . the Lanham Act, such that discovery should be precluded on the ground that certain remedies . . . were unavailable." Docket No. 135 at 3. This is not a dispositive ruling, but rather a determination to allow discovery to proceed.

For the foregoing reasons, it is

**ORDERED** that Defendant's Rule 72(b) Objection to the Honorable Magistrate Judge Nina Y. Wang's Framework [Docket No. 144] is **OVERRULED.**

DATED April 23, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge