IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01741-PAB

**OVERHEAD SOLUTIONS, INC., D/B/A A1 GARAGE DOORS,** a Colorado corporation,

    Plaintiff,

v.

**A1 GARAGE DOOR SERVICE, L.L.C.,** an Arizona limited liability company,

    Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ADD ADDITIONAL REMEDY TO COUNTERCLAIM**

---

Plaintiff-Counter Defendant, Overhead Solutions Inc., d/b/a A1 Garage Doors ("Plaintiff"), by and through counsel, Law Offices of Daniel T. Goodwin, hereby opposes Defendant-Counter Plaintiff A1 Garage Door Service L.L.C.'s ("Defendant") Motion to Add Additional Remedy to Counterclaim (Doc. 211) (hereinafter, "Defendant's Motion"), and in support of its opposition, states as follows:

**I.     INTRODCUTION.**

Defendant seeks relief in this trademark infringement action under bankruptcy code section 11 U.S.C. 523(a)(6), which prevents discharge of debts created by a debtor's "willful and malicious injury . . . to another entity or to the property of another entity." Defendant claims Plaintiff's use of "A1 Garage Doors", a mark Plaintiff has been using in the Front Range of Colorado since January 2004, is an activity that meets the requirements of "willful and malicious injury" against Defendant. Relief under Section 523(a)(6) can only be sought in a bankruptcy

proceeding. That fact renders Defendant's Motion entirely frivolous and vexatious. This Motion is an effort by Defendant to intimidate Plaintiff, humiliate Plaintiff's owner, Ms. Shannon Dudnick, and unnecessarily increase the costs of this lawsuit for Plaintiff.

Yet again, Defendant has filed a motion that misstates current trademark law and fundamental concepts of how trademark rights are created and maintained. Defendant's Motion also severely misrepresents the facts of this case and prior proceedings in this litigation. Many of Defendant's statements of fact are outright falsehoods easily refuted by the docket history, this Court's orders, and facts that have been available to Defendant since early in the litigation. Defendant's Motion must be denied.

**II.   ARGUMENT.**

Under current law, Plaintiff has valid legal rights in its business mark, A1 Garage Doors (the "Mark"), based on its continuous and uninterrupted use in Colorado since January 2004. Fourteen years later in the summer of 2018, Defendant began operating in Colorado as "A1 Garage Door Service". Although Defendant was aware of Plaintiff's use of the Mark, Defendant made no attempt to notify Plaintiff of its entry into the market nor seek permission of Plaintiff for the use of the Mark. Defendant has provided no evidence that Defendant did business in Colorado prior to the Summer of 2018. Consumer confusion between the two "A1 Garage Door" companies was almost immediate.[1]

Defendant holds two registration certificates with the U.S. Trademark Office that were applied for and obtained in 2016 and 2017. Each of Defendant's applications stated a "first use in

---

[1] The parties have stipulated in the Pretrial Order that consumer confusion in the Colorado marketplace is an established fact.

2

commerce" date of March 7, 2007. At or about the same time that this litigation was initiated, Defendant also expanded its Arizona business to Michigan where another garage door business was operating under the mark A1 Garage Door. This Michigan company had briefly operated in Florida in 2003-2004. The Michigan company also filed suit against Defendant for trademark infringement. The lawsuit was resolved by an apparent purchase by Defendant of the business name or assets of the Michigan company. As a result of this purchase, Defendant now erroneously claims that its 2016/2017 federal registrations definitively prove superior trademark rights <u>in Colorado,</u> based upon the purchase of the Michigan company because of its Florida operation in 2003-2004.[2] Defendant now argues the use of "A1 Garage" in 2003 in Florida defeats Plaintiff's *bona fide* use in commerce in the Front Range of Colorado. Defendant's Motion asks this Court to effectively decide this case in Defendant's favor now claiming that a favorable ruling on the Motion "will put a respectful end to this litigation…" (Doc. 211, p. 1).

The U.S. Supreme Court has stated unequivocally: "Federal law does not create trademarks." *Matal v. Tam*, 137 S. Ct. 1744, 1751 (2017); *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. 138, 142 (2015). Trademark rights, and other rights related to use of a business mark, are created through actual use in the marketplace and acquired in the minds of the public. This is "the most fundamental aspect of United States trademark law." *In re ECCS, Inc.*, 94 F.3d 1578, 1579 (Fed. Cir. 1996); *see also Allard Enterprises, Inc. v. Advanced Programming Resources, Inc.,* 146 F.3d 350, 356 (6th Cir. 1998)).

---

[2] See **Exhibit A** which is pages 31 and 32 of Thomas Mello's deposition in which he describes how Defendant obtained rights to its trademark relating back to May 2003.

3

The federal trademark registration system provides a valuable avenue for rights-holders to notice and enforce their trademark rights. However, federal registrations like the Defendant's provide only *prima facie* evidence of use. The Section 1(a) use-based registration Defendant has acquired is not proof of use dating back to the date of first use claimed in the application. It is only rebuttable evidence of first use as of the filing date. 3 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, 5th ed. ("McCarthy"), § 16:19; *see also* 15 U.S.C. § 1057(c).

Ultimately, Defendant's Motion does not present an issue this Court can decide at this time. The parties' respective trademark rights will be decided by a jury based upon evidence provided at trial. The disposition of any judgement rendered by the jury cannot possibly be considered until then. The Defendant sites no law to support the requested addition of a remedy that would give relief to an imagined bankruptcy filing. The Defendant's argument is absurd.

### III.     THE MOTION IS GROUNDLESS, FRIVOLOUS AND VEXATIOUS.

Defendant's Motion is groundless, frivolous and vexatious, and filed in bad faith. It is a spurious motion filed to increase the costs of this litigation and to intimidate and harass and damage Plaintiff by lodging personal attacks at Ms. Dudnick.

#### A. GROUNDLESS

The Motion is groundless because it cannot be supported by law or justifiable reasoning. It is based on F.R.C.P. 13(e), the provisions of which allow for the delayed filing of a counterclaim discovered after the original pleading was filed. This Motion does not identify an undiscovered counterclaim. This is not an action that could have been filed with the initial counterclaim filing. The reference to Rule 13(e) is not justified. Defendant also cites 11 U.S.C. 523(a)(6), which refers specifically to bankruptcy law and the attempt of a debtor to discharge a

debt caused by a willful and malicious injury to a creditor. Plaintiff is not a debtor. Defendant is not a creditor. A bankruptcy action has not been filed. Defendant's effort to support its Motion pursuant to this code section is not justified. Defendant's references to other bankruptcy case law are not justified. They are merely attempts to give the Motion some credibility, but they totally miss the mark.

Defendant states, "a registered federal trademark is proof that a defendant had knowledge of the infringement." On its face this statement is false, but Defendant cites the case of *Mun. Credit Union v. Queens Auto Mall, Inc.*, 126 F. Supp. 3d 290 (E.D.N.Y, 2015) to support the statement. However, the case is one in which the defendant, Queens Auto Mall, defaulted by failing to answer the Complaint. The Court's statement quoted by defendant was made as a result of Queen Auto Mall's default status. Defendant's reliance on this case is not justified, and the Defendant's failure to advise of the default issue in the cited case imparts a false recitation of the law to this Court. Defendant also cites *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.* as supporting law. This is a counterfeiting case in which defendants admitted they were using plaintiff's product. This case is not valid support for the statement made by Defendant.

Defendant argues that Plaintiff willfully infringed Defendant's trademark. The argument is not justified. Plaintiff has been operating in Colorado since January 2004. It was Defendant who entered the Colorado market in 2018 with the knowledge that Plaintiff was already doing business as "A1 Garage Doors" not only well before Defendant filed its federal applications, but also years before Defendant's purported "first use in commerce" date. Finally, Defendant came into the Colorado market after buying the Colorado garage door company known as Family Garage Door and after conferring with Plaintiff's owner about purchasing Plaintiff's business.

5

See **Exhibit B**, which is pages 27, 45 and 46 of Thomas Mello's deposition which identifies the purchase of Family Garage Door and the conferral with Plaintiff about a purchase of Plaintiff's business.

Defendant's argument that Plaintiff is the infringer is not supported by any facts. Defendant assumes it to be a valid argument because Defendant is under the mistaken belief that its federal registrations are "uncontestable". See **Exhibit C**, which is pages 42-43 of Thomas Mello's deposition in which he states, "I believe we have an uncontestable trademark." "No, as far as I know we've got an uncontestable trademark." Also see **Exhibit D** which is pages 58 and 59 of Adam Cronenberg's deposition in which he states on p. 58: "When A1…my A1 decided to go into Michigan, I was not aware that there was another A1 in Michigan, as we don't really concern ourselves with many of A1s that are out there, because we have the federal trademark protection for the trade name." and on p. 59: "That is our company's belief, yes, after conferring with counsel and setting up the trademark way back in, you know, the start of 2015, I believe." As a result, Defendant argues that it can initiate business wherever it desires, no matter who might be in the area using "A1 Garage Doors". The Defendant's absolute reliance on its federal registration is flawed.

### B. FRIVOLOUS

The Defendant's Motion is frivolous because it is meritless and irrational. The effort to initiate protection from an imagined bankruptcy by inserting a remedy into a counterclaim at any stage of a case would be a new standard of legal practice. If the Court allowed the requested remedy it would establish a standard of legal practice that would mandate the claim by every

party who filed suit against another party.  The court under F.R.E. 201 can take Judicial Notice of the fact that this Motion is frivolous.

### C. VEXATIOUS

The Defendant's Motion is vexatious because it is filed for the specific purpose of being abusive, humiliating and offensive to Plaintiff and its owner, Shannon Dudnick.  This intent is found in the specific phrases used in the Motion to demean Plaintiff and Shannon Dudnick, to wit:

- Plaintiff is an extremely geographically limited business
- Plaintiff is a garage door referral business
- purported holder of a common law trademark
- spotty past
- unclear chain of ownership
- assertions of financial losses
- other alleged shortcomings
- propensities to file bankruptcy
- bankruptcy is only thing keeping this litigation going
- ownership of the mark based solely on <u>state</u> common law principles
- losing revenue on marketing campaign due to Plaintiff's own actions
- inept nature of the business

7

> ➢ propensity for not paying business debts and filing for bankruptcy

> ➢ refusing to answer questions in deposition

> ➢ the likelihood that Plaintiff may seek reprieve through bankruptcy

> ➢ willful and malicious injury to Defendant

> ➢ they plan on filing for bankruptcy

> ➢ tarnishing Defendant's name

> ➢ refusing to answer questions about bankruptcy

> ➢ continually running a business at great financial losses

> ➢ simply file bankruptcy and walk away from it all

> ➢ operating a business that is only a tax write off

Each one of these twenty-two (22) statements is directed at Ms. Dudnick and is intended to be abusive, humiliating and offensive, and Ms. Dudnick specifically reads them as such.

This type of legal strategy is part of Defendant's arsenal in this case. It is unnecessary and demeaning not only to Ms. Dudnick, but to the Court and the legal profession. The Court should not tolerate this kind of legal maneuvering. Plaintiff respectfully requests this Court to take note of this pattern of conduct and the harm it has caused a small, local, family-owned business that has only sought to protect itself and its brand in light of current trademark law.

Additional evidence of Defendant's disdain for Plaintiff and the litigation process is contained in pages 30 to 33 of the deposition of Thomas Mellow which is attached hereto as **Exhibit E**. This case is the life-blood to Plaintiff, but it is meaningless to Defendant yet

8

Defendant is prepared to do everything possible to destroy Plaintiff's seventeen (17) years of effort to establish the business.

VI.     **CONCLUSION.**

Based on the foregoing, Defendant's Motion should be denied in its entirety. In addition, Plaintiff requests the Court to award costs, expenses and legal fees to Plaintiffs in an amount commensurate with the groundless, frivolous and vexatious nature of the Motion.

Respectfully submitted this 20th day of July, 2021.

                                    **LAW OFFICES OF DANIEL T. GOODWIN**

                                    s/Daniel T. Goodwin
                                    Daniel T. Goodwin, Esq.
                                    Shirin Chahal, Esq.
                                    Law Offices of Daniel T. Goodwin
                                    10901 West 120th Ave., Suite 350
                                    Broomfield, CO 80021
                                    Phone: 303-763-1600
                                    Fax:  303-457-1175
                                    Email:  dangoodwin@danieltgoodwin.com
                                    shirinchahal@danieltgoodwin.com
                                    *Attorneys for Plaintiff*

## CERTIFICATE OF ELECTRONIC SERVICE

      I do hereby certify that on this 20th day of July, 2021, a true and correct copy of the foregoing was served via ECF addressed to the following:

Nathan Brown
Brown Patent Law
15100 N. 78th Way, Suite 203
Scottsdale, AZ 85260

Timothy F. Coons
William C. Nelson
Copper Canyon Law, LLC
43 East 1st Avenue
Mesa, AZ 85210

Hall Render Killian Heath & Lyman, P.C.
Mark L. Sabey
1512 Larimer Street, Suite 300
Denver, CO 80202

                                                  s/Janice Bennett