IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01741-PAB-NYW

OVERHEAD SOLUTIONS, INC., d/b/a A1 Garage Doors, a Colorado corporation,

    Plaintiff,

v.

A1 GARAGE DOOR SERVICE, L.L.C., an Arizona limited liability company,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Order and Recommendation of United States Magistrate Judge [Docket No. 191]. The magistrate judge ordered that Defendant's First Motion for Leave to Amend Its Affirmative Defenses to Plaintiff's Complaint Based on New Information Never Previously Disclosed by Plaintiff [Docket No. 104] be granted in part and recommended that it be denied in part. Docket No. 191 at 1. Defendant objected to the recommendation, Docket No. 195, to which plaintiff responded. Docket No. 203. Defendant also replied. Docket No. 206.

## I.  BACKGROUND

The background facts and procedural history of this dispute have been discussed in prior orders and recommendations, *see, e.g.*, Docket Nos. 121, 160, 172, and will not be repeated here except as necessary to resolve defendant's objections.

Plaintiff filed this action alleging that defendant has infringed on plaintiff's Colorado statutory and common law trademark rights, misappropriated its identity under

Colorado law, and violated the Colorado Consumer Protection Act.  *See generally* Docket No. 1.  Defendant has asserted counterclaims of trademark infringement, false designation of origin, unfair competition, and false advertising, each under the Lanham Act, as well as common law tradename infringement, violation of the Uniform Deceptive Trade Practices Act, and common law unfair competition.  *See generally* Docket No. 24.  Defendant also seeks an accounting and cancellation of plaintiff's Colorado trademark registration.  *Id.*

The magistrate judge entered a scheduling order setting the deadline for amendment of pleadings at December 13, 2019.  Docket No. 37 at 10.  The discovery deadline was subsequently extended for 90 days in late July 2020, Docket Nos. 71, 76, and, on September 24, 2020, defendant filed the motion to amend.  Docket No. 104.  Defendant seeks to add additional affirmative defenses, including "naked licensing, statute of limitations, [lack of] standing, fraud, and trademark/ servicemark abandonment, express abandonment, unenforceability/ invalidity of Plaintiff's alleged mark, prior use, and preclusion of state law claims based upon Defendant's Federal rights."  *Id.* at 1–2; Docket No. 104-1 at 2–3.  In support, defendant asserts that it recently learned three pieces of information.  First, defendant states that it has found out that plaintiff and its sole shareholder, Shannon Dudnick, filed for Chapter 7 bankruptcy in 2010, which defendant states forms the basis of its affirmative defenses of fraud, abandonment, express abandonment, invalidity of mark, standing, and lack of prior use.[1]  Docket No. 104 at 3.  Second, defendant states that it learned that Ms.

---

[1] In the order denying defendant's motions for judicial estoppel, the Court noted that the 2010 bankruptcy was a personal bankruptcy filed by Ms. Dudnick, not a

Dudnick filed for a trademark for "A1 Garage Doors" in 2009, but abandoned that mark in 2011, which gives rise to affirmative defenses of fraud, abandonment, and express abandonment.  *Id.*  Third, defendant claims that plaintiff has "abandoned any alleged trademarks by engaging in . . . naked licensing through its use of independent contractors to provide services" because plaintiff has admitted to exercising "no direction or control over its contractor technicians," which supports affirmative defenses of naked licensing and abandonment.  *Id.* (quoting Docket No. 95-2 at 4).  Fourth, defendant argues that plaintiff improperly cites to federal law despite not making federal claims in the complaint, which supports an affirmative defense on the statute of limitations.  *Id.* at 3–4.  Plaintiff opposes defendant's motion to amend and argues that the only new information is Ms. Dudnick's bankruptcy.  Docket No. 124 at 2, ¶ 3.  Plaintiff argues that all other information has been available since the initiation of the lawsuit, *id.*, ¶ 6, and that defendant's motion should be denied because it is untimely, frivolous, groundless, and vexatious.  *Id.* at 3, ¶ 12.

The magistrate judge ordered that defendant's motion be granted in part and recommended that it be denied in part.  Docket No. 191 at 1.  In particular, the magistrate judge ordered that defendant's motion be granted to the extent it seeks to add affirmative defenses based on the Chapter 7 bankruptcy.  *Id.* at 16–17.  However, the magistrate judge recommended that the Court deny defendant's motion for leave to amend with respect to the 2009 trade name filing, plaintiff's use of independent contractors, plaintiff's citations to federal law, and the proposed affirmative defense of

---

corporate bankruptcy filed by plaintiff.  *See* Docket No. 173.

claim preclusion.  *Id.* at 8–14.  Defendant objects to each of the magistrate judge's

recommendations.  *See generally* Docket No. 195.

## II.  STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition

that has been properly objected to."[2]  Fed. R. Civ. P. 72(b)(3).  An objection is "proper"

if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059

(10th Cir. 1996).  A specific objection "enables the district judge to focus attention on

those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*   In

the absence of a proper objection, the Court may review a magistrate judge's

recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

("[i]t does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a de novo or any other standard, when

neither party objects to those findings").

Rule 15(a) of the Federal Rules of Civil Procedure generally addresses

amendment of pleadings prior to trial and provides that a court should "freely give leave

---

[2] "Timely objections to magistrate judge *recommendations* are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge *orders* by Rule 72(a)."  *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010). However, "there is some confusion over whether a motion to amend falls within Rule 72(a) or Rule 72(b)."  *Id.* (citing *Brown v. Nagem*, No. 05-cv-1408-WYD-MJW, 2006 WL 2164421, at *1 (D. Colo. July 28, 2006) ("A motion to amend is normally a nondispositive motion entitled only to a clearly erroneous or contrary to law standard of review.  However, many courts have held that a recommendation to deny a motion to amend . . . should be viewed as a dispositive ruling because it precludes the filing of certain claims.").

[to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, "when the deadline for amendment of pleadings in the scheduling order has passed, Rule 16(b) applies and states that a scheduling order deadline 'may be modified only for good cause and with the judge's consent.'" *White v. Deere & Co.*, No. 13-cv-02173-PAB-NYW, 2016 WL 336871, at *1 (D. Colo. Jan. 28, 2016) (quoting Fed. R. Civ. P. 16(b)(4)).  "Although the Tenth Circuit has not adopted a rule on the interaction between Rule 15(a) and Rule 16(b), courts in this district have applied the framework articulated in *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001), to cases where the scheduling order deadline has passed." *Texas Instruments, Inc. v. BIAX Corp.*, No. 07–cv–02370–WDM–MEH, 2009 WL 3158155, at *1 (D. Colo. Sep. 28, 2009) (citations omitted).

Under that framework, plaintiff must "first demonstrate . . . that it has 'good cause' for seeking modification of the scheduling deadline." *Pumpco*, 204 F.R.D. at 668 (quotations and citation omitted).  Good cause "means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* (quotations and citation omitted).  If plaintiff can show good cause, the Court turns to the Rule 15(a) standard.  *See id.* at 669.  Pursuant to Rule 15(a), "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  There is a "rough similarity between the 'good cause' standard of Rule 16(b) and [the Tenth Circuit's] 'undue delay' analysis under rule 15." *Minter v. Prime Equipment Co.*, 451

F.3d 1196, 1205 n. 4 (10th Cir. 2006).  Therefore, a motion to amend the complaint after the scheduling order deadline for amendment of pleadings has passed requires a party to demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) that the amendment satisfies Fed. R. Civ. P. 15(a).  *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015); *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014).

## III.  ANALYSIS

Defendant seeks de novo review because, it argues, "the Order entered by the Honorable Magistrate raises dispositive issues."  Docket No. 195 at 3.  Although the magistrate judge issued a recommendation, motions to amend are generally are considered non-dispositive except where, like here, leave to amend is denied.  *See Tuft v. Indem. Ins. Co. of N. Am.*, No. 19-cv-01827-REB-KLM, 2020 WL 9432879, at *1 (D. Colo. May 21, 2020); *Gordanier*, 2010 WL 935665, at *1; *Brown*, 2006 WL 2164421, at *1.  The Court therefore considers the portions of the magistrate judge's recommendation denying leave to amend to be dispositive and will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The Court reviews defendant's objections regarding each piece of allegedly newly obtained information in turn.

### A.  Plaintiff's Use of Independent Contractors

In its motion to amend, defendant states,

Plaintiff has abandoned any alleged trademarks by engaging in a textbook case of naked licensing through its use of independent contractors to provide services (Plaintiff's Discovery Responses on September 2, 2020 was the first time that Plaintiff disclosed that: "Plaintiff exercises no

> direction or control over its contractor technicians.")  *See* Dkt. 95-2.
> Affirmative Defenses of naked licensing and abandonment are now
> attached to this information.

Docket No. 104 at 3.

The magistrate judge determined that, while defendant appears to assert that it

first learned of plaintiff's use of independent contractors on September 2, 2020,

defendant knew this information at least as early as the court's discovery conference on

August 13, 2020.  Docket No. 191 at 11.  At that conference, defendant stated that it

"c[a]me into this case, and . . . looked into what types of business models that [plaintiff]

is using" and, when asked if that information was produced prior to defense counsel's

entry in the case on June 28 and July 1, 2020, defense counsel said, "we became

aware of it once – it was actually not even when we first came in.  It was something as

we, again, started diving into the issue."  *Id.* (quoting Docket No. 84 at 6:5–7:4).

Moreover, defendant failed to explain why, if it was aware that plaintiff used

independent contractors, it was unaware that plaintiff did not exercise control over those

contractors, which is a "basic tenet of the independent contractor classification."  *Id.* at

12.

First, defendant objects on the grounds that plaintiff's counsel "explicitly

acknowledged that prior to September 2, 2020, Plaintiff had never disclosed [] the use

of independent contractors in its business operations."  Docket No. 195 at 4.  Defendant

highlights the magistrate judge's question to plaintiff's counsel whether he had

discussed the independent contractor issue in writing with the defendant's previous

counsel, to which plaintiff's counsel responded that he had not because it was not an

issue in the case.  *Id.* (citing Docket No. 84 at 8:16–23).  While plaintiff or its counsel

may not have affirmatively disclosed the use of independent contractors before September 2, 2020, the Court finds that defendant's statement at the August 13, 2020 discovery conference indicates that it knew of plaintiff's use of independent contractors earlier than the conference, whether or not it drew the connection that plaintiff did not exercise control over the contractors.

Second, defendant objects that it had "no way of obtaining the key information" regarding plaintiff's use of independent contractors without plaintiff's disclosure because there are no public records and plaintiff's business model "would suggest the opposite." *Id.* at 5. This statement, however, appears to contradict defense counsel's statement at the August hearing, where defense counsel indicated that it looked into plaintiff's business model when it came into the case in June or July 2020. The Court therefore agrees with the magistrate judge's analysis that defendant did not show in its motion how the September 2 statement regarding plaintiff's use of independent contractors constitutes new information so as to demonstrate good cause to amend under Rule 16(b). *See Bauer v. Crete Carriers Corp.*, No. 18-cv-01536-PAB-SKC, 2019 WL 7290939, at *5 (D. Colo. Nov. 1, 2019) (finding that moving parties did not demonstrate good cause for late amendment when they "[did] not elucidate on what it is they learned or when"). The Court therefore overrules this objection. Moreover, because defendant did not raise this argument in its original motion, the Court will not consider it in defendant's objections. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).

Third, defendant objects that it learned about plaintiff's use of independent contractors at the same time as it learned about Ms. Dudnick's bankruptcy.  Docket No. 195.  Defendant, however, provides no argument or explanation for why this is the case, and the Court deems this issue waived because defendant did not raise this argument in its motion.  *See Marshall*, 75 F.3d at 1426.

### B.  2009 Tradename Filing

In its motion to amend, defendant states the following:

> Shannon Dudnick filed for the trademark A1 Garage Doors in 2009 and abandoned it in 2011 (Defendant just discovered this as Plaintiff never disclosed this and affirmatively represented the opposite in Shannon Dudnick's affidavits and declarations); Affirmative Defenses of fraud, abandonment and express abandonment are now attached to this information.

Docket No. 104 at 3, ¶ 2.

The magistrate judge determined that defendant did not establish good cause to amend its affirmative defenses because defendant did not indicate in its motion when or how it learned of this tradename filing.  Docket No. 191 at 8–9 (citing *Bauer*, 2019 WL 729039, at *5).  The magistrate judge also noted that the Colorado Secretary of State's business database, which is publicly available, shows that plaintiff's filing of the tradename "A1 Garage Doors" was publicly noticed on October 7, 2009, and the expiration was posted on the website on November 1, 2011.  *Id.* at 9.  The magistrate judge concluded, therefore, that defendant had not established an adequate basis for the Court to conclude that plaintiff revealed this information late in discovery and noted that, because the information was publicly available years before this lawsuit was filed, defendant's delay in learning the information was due to defendant's own "failure to

perform a search of publicly available information." *Id.* at 10 (citing *Ayon v. Kent Denver Sch.*, No. 12-cv-2546-WJM-CBS, 2014 WL 85287 (D. Colo. Jan. 9, 2014) (denying motion to amend answer in part where defendants' actions, or failure to take action, was the cause for their seeking an amendment)).

Defendant objects that, "[d]espite the potential public availability of the tradename filings via the Colorado Secretary of State, the newly discovered information related to the 2009 filing is yet another example of Plaintiff's continued attempt to hide the truth." Docket No. 195 at 8–9. This is not a proper objection because it is not specific, as it does not enable the Court to "focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See 2121 E. 30th St.*, 73 F.3d at 1059. The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee notes. Based on this review, the Court concludes that this portion of the recommendation is a correct application of the facts and the law.

## C.  Federal Law Citations and Claim Preclusion

While the magistrate judge addressed plaintiff's citations to federal law separately from defendant's request to add a claim preclusion affirmative defense, defendant has made one objection to the magistrate judge's recommendation on both issues. The Court will therefore address defendant's objection on these two issues together.

As to plaintiff's federal law citations, defendant states in its motion to amend:

Plaintiff improperly cites to federal law when it did not raise any federal law claims in its Complaint . . . .  Any new federal law claims fall outside

10

the statute of limitation for bringing a federal trademark infringement cause of action.  Affirmative Defense of statute of limitations are now attached to this information.

Docket No. 104 at 3–4, ¶ 4.

The magistrate judge determined that defendant fails to explain why plaintiff's citations to federal law constitute recently discovered information necessitating amendment, as plaintiff's complaint shows that its claims are based on state law and plaintiff agrees that it does not raise federal claims.  Docket No. 191 at 12–13 (citing Docket No. 124 at 3, ¶ 8).  The magistrate judge also noted that defendant acknowledged in its motion that plaintiff only raises state-law claims.  *Id.* (citing Docket No. 104 at 3, ¶ 4).

As to defendant's request to add an affirmative defense of claim preclusion, defendant states in its motion that it seeks to "amend its affirmative defenses . . . to specifically include . . . preclusion of state law claims based on Defendant's Federal rights."  Docket No. 104 at 1–2.  Defendant proposes to add a twentieth affirmative defense stating, "15 U.S.C. 1125(c)(6).  Defendant's ownership of a valid federal registration is a complete bar to action brought under the common law of the State of Colorado or under a Statute of the State of Colorado."  Docket No. 104-1 at 3.  The magistrate judge found that defendant provides no argument elaborating on this proposed affirmative defense or explaining why or how it is based on newly obtained information.  Docket No. 191 at 13.  The magistrate judge also explained that defendant's ownership of a federal trademark registration cannot constitute newly obtained information by defendant.  *Id.* at 13–14.  Moreover, the magistrate judge noted that defendant references its trademarks in its original answer.  *See id.* at 14 (citing

11

Docket No. 24 at 11–12, ¶¶ 12–21).

To both of these recommendations, defendant states that it "acknowledges the Honorable Magistrate's findings that Plaintiff's complaint demonstrates that Plaintiff's claims are based on state law (see Dkt. 191 at 12-13) and that Plaintiff itself has asserted, both in pleadings and on record[,] that it is not seeking federal claims (*see e.g.* Dkt. 124 at ¶ 8)." Docket No. 195 at 9. Defendant also states that it "acknowledges [the Court's] findings disallowing 'plaintiff's state law claims to include federal claims and remedies for the purpose of the discovery dispute.'" *Id.* (quoting Docket No. 190 at 4–5). These statements do not amount to an objection of the magistrate judge's recommendation and are not proper objections warranting de novo review. *See 2121 E. 30th St.*, 73 F.3d at 1059. The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee notes. Based on this review, the Court concludes that this portion of the recommendation is a correct application of the facts and the law.

Defendant's objections also discuss the issue of prejudice, specifically that it would not be prejudicial to plaintiff for defendant to amend its affirmative defenses, since plaintiff knew the information that forms the basis of defendant's proposed amendments, but that it would be prejudicial for defendant not to be permitted to amend. Docket No. 195 at 9. The Court declines to address the issue of prejudice because defendant's failure to show good cause under Rule 16(b) is dispositive. *Birch*, 812 F.3d at 1247 (noting that a party seeking leave to amend must show both good

cause under Rule 16(b) and lack of prejudice under Rule 15(a)); *see also Gorsuch*, 771

F.3d at 1241.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Order and Recommendation of United States Magistrate

Judge [Docket No. 191] is **ACCEPTED**.  It is further

**ORDERED** that Defendant's Rule 72 Objection to the Honorable Magistrate

Judge Nina Y. Wang's May 5, 2021 Order and Recommendation [Docket No. 195] is

**OVERRULED**.  It is further

**ORDERED** that Defendant's First Motion for Leave to Amend Its Affirmative

Defenses to Plaintiff's Complaint Based on New Information Never Previously

Disclosed by Plaintiff [Docket No. 104] is **GRANTED in part** and **DENIED in part**.  It is

further

**ORDERED** that defendant may file an amended pleading to add affirmative

defenses based on the Chapter 7 bankruptcy on or before **August 31, 2021**.


DATED August 24, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge