# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01741-PAB-NYW

OVERHEAD SOLUTIONS, INC., D/B/A A1 GARAGE DOORS, a Colorado corporation,

   Plaintiff,

v.

A1 GARAGE DOOR SERVICE, L.L.C., an Arizona limited liability company,

   Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

   This matter is before the court on Defendant's Motion to Add Additional Remedy to Counterclaim (the "Motion") [#211, filed July 12, 2021], which was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated July 31, 2019 [#14], and the Memorandum dated July 13, 2021 [#212]. Plaintiff Overhead Solutions, Inc., d/b/a A1 Garage Doors ("Plaintiff") responded to the Motion on July 20, 2021. [#220]. Having reviewed the Motion and the related briefing, the entire docket, and the applicable case law, I respectfully **DENY** the Motion.[1]

---

[1] As set forth in this Minute Order, Defendant's Motion is, in essence, a motion to amend the Scheduling Order and Counterclaim. "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). Courts in this District have treated orders granting motions to amend as non-dispositive, but "many courts have held that a recommendation to deny a motion to amend . . . should be viewed as a dispositive ruling because it precludes the filing of certain claims." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *2 n.1. (D. Colo. Mar. 11, 2021); *see also Bullock v. Daimler Trucks N. Am., LLC*, No. 08-CV-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" to distinguish between allowing and denying an amendment in considering whether to use an order or recommendation as a magistrate judge). However, this court finds it appropriate to resolve the Motion by order, rather than by recommendation. Defendant's request is procedurally improper and not before the appropriate court, but should Defendant, in the future, seek relief under 11 U.S.C. § 523(a), it may do so at the appropriate time in the bankruptcy court. Thus, this order has no dispositive effect on Defendant's ability to seek such relief, *at the appropriate time*, if such time arises, nor does it have any dispositive effect on any of Defendant's claims or defenses. For these reasons, an order is appropriate.

The background of this case has been discussed in detail, *see* [#121, #160, #172], and therefore, will only be addressed here summarily as it relates to the instant Motion. Plaintiff initiated this action on June 14, 2019, asserting claims of trademark infringement, unfair competition, misappropriation of identity, and deceptive trade practices. [#1]. On September 26, 2019, Defendant A1 Garage Door Service, L.L.C. ("Defendant") filed its answer and asserted counterclaims of federal and common law trademark infringement, false designation of origin, unfair competition, false advertisement, and unfair competition. [#24]. This court entered a Scheduling Order on October 29, 2019, setting a deadline to amend the pleadings for December 13, 2019. [#37 at 10]. On September 24, 2020, Defendant filed a motion to amend its answer seeking to assert a number of additional affirmative defenses. [#104]. This court recommended on May 5, 2021 that the motion to amend be granted in part and denied in part, *see* [#191], and the Recommendation is currently pending before the presiding judge, the Honorable Philip A. Brimmer.

Then, on July 12, 2021, Defendant filed the instant Motion. [#211]. Though styled as a motion seeking to amend its Counterclaim remedies, Defendant "requests that this Court enter an order under 11 USC 523(a)(6) which precludes Plaintiff from discharging any debt owed to Defendant when Plaintiff files for bankruptcy" and states that "this Court should enter an order barring Plaintiff from filing bankruptcy in an attempt to extinguish debts owed to Defendants." [*Id.* at 1, 5-6]. Defendant states that, "[t]hrough the course of this litigation, Plaintiff has continually made claims and assertions on record of its financial losses and other alleged shortcomings" and asserts that "[o]ne does not have to look far to connect the dots in expecting that if, and when, a judgment is entered against Plaintiff in favor of Defendant on its counterclaims, that Plaintiff's next steps . . . will be to file bankruptcy and seek to discharge any debts it may then owe to Defendant." [*Id.* at 2]. This court finds that denial of Defendant's Motion is appropriate on a number of bases.

***First***, because Defendant seeks to amend its Counterclaim remedies after the expiration of the deadline for amendment of pleadings, Defendant's Motion is, on its face, a motion to amend the Scheduling Order under Rule 16(b). However, Defendant has made *no argument* that modifying the Scheduling Order is appropriate under Rule 16(b),[2] i.e., that good cause exists to amend the Scheduling Order and that the party seeking amendment could not have met the deadline despite diligent efforts. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1240 (10th Cir. 2014). This alone is a sufficient basis to deny Defendant's Motion. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (affirming denial of a motion to amend the scheduling order where the movant "made absolutely no arguments to show

---

[2] The court notes that Defendant similarly failed to make an argument under Rule 16(b) in its motion to amend the answer, which the court noted in its Recommendation. *See* [#191 at 5]. Thus, Defendant was on notice that motions to amend the scheduling order require compliance with not only Rule 15(b), but also Rule 16(b). Indeed, the Tenth Circuit has advised that the Rule 16(b) standard is "more stringent" than Rule 15, "permitting scheduling order amendments 'only for good cause and with the judge's consent.'" *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019-20 (10th Cir. 2018) (quoting *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1195 (10th Cir. 2015)).

good cause for late amendment of the pleadings") (quotation omitted); *Doe v. Intermountain Healthcare, Inc.*, No. 2:18-cv-00807-RJS-JCB, 2020 WL 6743256, at *3 (D. Utah Nov. 17, 2020).

*Second*, to the extent that Defendant is seeking an immediate order, Defendant's Motion is speculative and premature. First, it presupposes (1) that judgment in this case will enter against Plaintiff and in favor of Defendant, [#211 at 2]; (2) that such judgment will include monetary damages against Plaintiff and in favor of Defendant, [*id.*]; and (3) that Plaintiff will subsequently file for bankruptcy and seek to discharge any debts it owes to Defendant. [*Id.*]. None of this is guaranteed. Indeed, trial in this case is not set to occur until June 20, 2022, *see* [#228], and Defendant's Motion for Summary Judgment [#142] is pending before the presiding judge. Although Defendant appears confident that it will prevail in this matter, this case will be decided by a jury, not the Parties. Moreover, even setting aside the speculative basis of the Motion, the Motion is premature. 11 U.S.C. § 523(a) provides that "[a] discharge . . . of this title does not discharge *an individual debtor* from any *debt* . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (emphases added). "Debtor" is defined as a "person or municipality concerning which a case under this title *has been commenced*." 11 U.S.C. § 101(13) (emphasis added). Moreover, the term "debt" refers to "liability on a claim." 11 U.S.C. § 101(12). As Defendant concedes, *see* [#211 at 2], there is no indication that Plaintiff is currently in the midst of bankruptcy proceedings nor that a "discharge under . . . this title" has occurred. Nor is there any current "debt" owed to Defendant because, as set forth above, judgment has not been entered in this case. Defendant has not demonstrated why its requested relief of an immediate order is warranted in the face of such uncertainty.

*Third*, Defendant asks this court to invade the province of the jury in ruling on this Motion. More specifically, Defendant seeks a court order ruling that Plaintiff cannot discharge any debts that it may owe to Defendant in bankruptcy under § 523(a)(6), which precludes a bankruptcy debtor from discharging debt "for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6). Defendant suggests that Plaintiff's alleged infringement is willful, and thus a court order under § 523(a)(6) is appropriate. [#211 at 4-5]. However, whether any alleged infringement was willful is a question for the jury to decide. *Vail Assocs., Inc. v. Vend-Tel-Co.*, 516 F.3d 853, 869 (10th Cir. 2008) ("Intent is a question of fact which lies within the purview of the fact finder."); *Fendi Adele S.R.L. v. Filene's Basement, Inc*., 696 F. Supp. 2d 368, 393 (S.D.N.Y. 2010). If this court were to grant Defendant the speculative relief it seeks, such an order would necessarily, by implication, suggest that Plaintiff not only engaged in the conduct Defendant alleges that it did, but also that such alleged conduct was willful. Such a court order would be improper.

*Fourth*, and perhaps most importantly, even if Defendant's request is interpreted only to request that such an order should be entered upon a finding of liability and willful and malicious injury by the jury as to its counterclaim of trademark infringement, Defendant has cited no legal authority demonstrating that a district court has the authority to prospectively "enter an order under 11 USC 523(a)(6) . . . preclud[ing] Plaintiff from discharging any debt owed to Defendant," or why this matter would not be more appropriately addressed in bankruptcy court, should this dispute reach that stage. *See generally* [#211]. "Determining the scope of the debtor's discharge is a fundamental part of the bankruptcy process." *In re Deitz*, 469 B.R. 11, 20 (B.A.P. 9th Cir. 2012), *aff'd*, 760 F.3d 1038 (9th Cir. 2014) (quoting *In re Carroll*, 464 B.R 293, 312 (Bankr. N.D. Tex.

2011)).  "Congress clearly envisioned that bankruptcy courts would hear and determine all core proceedings, 28 U.S.C. § 157(b)(1), which include, as relevant here, 'determinations as to the dischargeability of particular debts.'"  *Id.* (quoting 28 U.S.C. § 157(b)(2)(I)).  Indeed, the Federal Rules of Bankruptcy Procedure set forth a process for objecting to the discharge of a debt *in bankruptcy court*.  *See* Fed. R. Bankr. P. 4004; *see also Kuenstler v. Half Price Books, Recs., Mags., Inc.*, 589 B.R. 138, 143-44 (E.D. Tex. 2018) (noting that a proceeding to object to a discharge is an adversarial proceeding which requires a creditor to file a complaint objecting to the discharge of the debt, and that due process requires that the debtor be given notice before its rights can be affected).  And the court notes that a district court order as to liability carries a collateral estoppel effect in later bankruptcy-court matters.  *See In re Whitner*, 179 B.R. 699, 702-03 (Bankr. E.D. Okla. 1995) (finding that debts arising out of trade secret misappropriation case were not dischargeable in bankruptcy).  Thus, Defendant's request is more properly directed at the bankruptcy court, if and when the events presupposed by Defendant occur.

*Finally*, in its Response, Plaintiff argues that Defendant's Motion is groundless, frivolous, vexatious, and filed in bad faith, and thus seeks an award of "costs, expenses, and legal fees to Plaintiff[] in an amount commensurate with the groundless, frivolous and vexatious nature of the Motion."  [#220 at 4-9].  The court agrees with Plaintiff that the lack of legal support in the Motion is troubling, and the personal attacks on Plaintiff's owner are inexcusable.  However, Local Rule 7.1(d) provides that all motions must be filed as a separate document, rather than contained in a response to a separate motion.  D.C.COLO.LCivR 7.1(d).  At this time, the court declines to recommend any award of sanctions absent a request properly before the court.[3]  However, the court notes that all Parties would benefit from abandoning the tone and tenor that has been woven throughout the filings and the conduct before the court, in favor of focusing their respective efforts on presenting the court with specific, well-supported statements of fact and argument.

For all of these reasons, it is **ORDERED** that:

(1)   Defendant's Motion to Add Additional Remedy to Counterclaim [#211] is **DENIED**.


DATED:  August 24, 2021

---

[3] The court previously noted this requirement in an Order denying Defendant's request for fees.  *See* [#160 at 6-7].