IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01741-PAB-NYW

OVERHEAD SOLUTIONS, INC., d/b/a A1 Garage Doors, a Colorado corporation,

    Plaintiff,

v.

A1 GARAGE DOOR SERVICE, L.L.C., an Arizona limited liability company,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion for Bifurcation of Liability and Damages [Docket No. 133] and plaintiff's Motion to Consolidate [Docket No. 225].[1] While plaintiff initially joined defendant's motion to bifurcate, *see* Docket No. 194, plaintiff subsequently informed the Court that bifurcation is opposed. *See* Docket No. 202. Defendant opposes plaintiff's motion to consolidate. *See* Docket No. 230.

The background facts and procedural history of this dispute are discussed in prior orders and recommendations, *see, e.g.*, Docket Nos. 121, 160, 172, and will not be repeated here except as necessary for the resolution of the motions.

### I. MOTION TO BIFURCATE

Defendant asks the Court to bifurcate the trial so that the issue of liability is tried

---

[1] Plaintiff filed two motions to consolidate on the same day, *see* Docket Nos. 224, 225. These motions appear to be identical; however, the second motion includes a proposed order. In reply, plaintiff confirms that is the only difference and that the second motion was filed to correct omission. The Court will consider the second motion and will deny the first motion as moot.

"to a separate jury prior to the trial on damages." Docket No. 133 at 1. Alternatively, defendant seeks to stay discovery on damages "unless and until" a jury finds it liable on plaintiff's claims. *Id.*[2]

Federal Rule of Civil Procedure 42(b) allows a court to order separate trials on "one or more separate issues [or] claims" in a case "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts have "broad discretion in deciding whether to sever issues for trial." *Rowland v. United States*, No. 14-cv-00883-KLM-MEH, 2015 WL 4943955, at *2 (D. Colo. Aug. 20, 2015) (quoting *Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993)). Bifurcation is not an abuse of discretion where the interests of convenience, avoiding prejudice, and promoting expedition and economy "favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). In contrast, a court should not bifurcate a trial if it would be "unfair or prejudicial to a party." *Id.* "[T]he party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen [ ] delay, expense[,] and inconvenience." *Smith v. BNSF Ry. Co.*, No. 17-cv-00977-KMT, 2019 WL 5063468, at *2 (D. Colo. Oct. 8, 2019) (citation omitted).

Defendant argues that bifurcating liability and damages in this matter would (1) promote judicial economy, (2) avoid prejudice to defendant, and (3) promote judicial convenience. Docket No. 133 at 2–7. In response, plaintiff states that it originally

---

[2] Defendant's motion provides no argument on its stay request, and the Court declines to consider it. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived.").

joined in the bifurcation motion as an alternative to seeking clarification on a discovery order from the magistrate judge but now believes that the discovery issue is clear and that bifurcation is "not now necessary" and would create additional delays because defendant may argue that financial discovery issues are "unimportant." Docket No. 202 at 1–2. While plaintiff's response does not provide the Court much information on why it opposes bifurcation, the Court will consider defendant's arguments in turn.

As to the first consideration, defendant believes bifurcation would promote judicial efficiency because plaintiff must first show that it has a valid trademark before it can show defendant's liability or damages. Docket No. 133 at 2–3. Thus, defendant insists, there is no relationship between issues of liability and damages and resolving liability separately from damages would allow the Court to forego considering "motions, hearings, and other filings for ongoing discovery disputes" that pertain only to the issues of damages but which would be irrelevant unless plaintiff prevails on the issue of liability. *Id.* at 3–4. The Court disagrees. Courts routinely try liability and damages together, and defendant has not established a persuasive reason to deviate from this routine practice. Moreover, Rule 42(b) promotes expedition and economy, yet the damages issues in this case are not extraordinarily complex. Therefore, bifurcation will not appreciably shorten the trial. Rather, some issues appear to overlap both liability and damages, and resolving both issues in a single trial will eliminate possible inconsistencies and avoid wasting time and effort that may result from conducting two trials. While some efficiency may result from the same jury hearing, in the first phase liability and, in the second phase, damages, this potential efficiency would be lost by empaneling separate juries to hear the two proposed trials. *See, e.g., RCHFU, LLC v.*

*Marriott Vacations Worldwide Corp.*, 445 F. Supp. 3d 1327, 1341 (D. Colo. 2020) (citing *Baker v. Equifax Credit Info. Servs., Inc.*, 1998 WL 101829, at *2 (D. Kan. Feb. 6, 1998)).

As to the second consideration, defendant argues that the only remedy for plaintiff's state-law claims is an injunction, that no federal remedy is available to plaintiff, and that plaintiff's state trademarks "cannot override rights provided by" defendant's federally registered trademarks. Docket No. 133 at 5–6. Defendant also argues that plaintiff is requesting discovery of all of defendant's "trade secrets, financials, meeting minutes, taxes, and communications for reasons solely related to damages," which would harm defendant and that one of the purposes of bifurcation is to delay discovery pending resolution of a dispositive issue. *Id.* at 6. Defendant provides no support for its first contention beyond citing to a summary judgment motion filed in a Denver District Court case. *Id.* at 5. In the case that motion relied upon, the plaintiff appears to have sought only an injunction. *See Gregg Homes, Inc. v. Gregg & Co. Builders*, 978 P.2d 146, 147 (Colo. App. 1998). The Court, therefore, does not read *Gregg Homes* to hold that injunctions are the only remedy available. In addition, defendant provides no authority for the proposition that plaintiff's claims do not allow damages. Plaintiffs are entitled to damages in Colorado Consumer Protection Act cases, *see* Colo. Rev. Stat. § 6-1-113, and state trademark infringement and unfair competition cases. *See, e.g.*, *Cache La Poudre Feeds, LLC v. Land O' Lakes, Inc.*, No. 04-cv-00329-WYD-CBS, 2008 WL 269451, at *3 (D. Colo. Jan. 29, 2008) (considering jury award of actual damages for state trademark infringement claim and unfair competition/ false

designation of origin claim).  Finally, the Court disagrees that plaintiff's state trademarks are somehow preempted by defendant's federal trademarks.  As the Supreme Court has held, "'[t]he federal system of registration and protection does not preempt parallel state law protection, either by state common law or state registration' and '[i]n the vast majority of situations, federal and state trademark law peacefully coexist.'"  *Matal v. Tam*, 137 S. Ct. 1744, 1753 (2017) (quoting 3 *McCarthy on Trademarks & Unfair Competition* § 19:3 (5th ed. 2021)).  Defendant cites 15 U.S.C. § 1125(c)(6), *see* Docket No. 133 at 6, which is one of the rare instances of express preemption, *see* 3 *McCarthy* § 22:2, but that section does not apply here.  Section 1125(c)(6) limits claims brought under state anti-dilution laws; however, plaintiff does not bring any anti-dilution claim in this lawsuit.

To the extent defendant fears that discovery may be over-broad, that concern is better addressed through a separate motion rather than by bifurcation.  In addition, if defendant is concerned about prejudice at trial, the parties may address that issue by asking the Court to provide the jury with limiting instructions.  While defendant may think this insufficient protection, courts routinely instruct juries on evidentiary issues.  *See, e.g.*, *Leiserv, LLC v. Summit Ent. Ctrs., LLC*, No. 15-cv-01289-PAB-KLM, 2017 WL 491171, at *8 n.8 (D. Colo. Feb. 6, 2017) ("A limiting instruction would be sufficient to address any resulting prejudice to defendants."); *see also S.E.C. v. Peters*, 978 F.2d 1162, 1172–73 (10th Cir. 1992) (discussing limiting instructions and Fed. R. Evid. 403).

As to the third consideration, defendant argues that the Court's time would be "greatly economized upon bifurcation" because motions and testimony on damages

would only be relevant if plaintiff prevails on the merits of its claims or if defendant fails to prove any of its defenses. Docket No. 133 at 7. The Court disagrees that empaneling two juries, one for liability and one for damage, would save time or resources for the reasons previously discussed.

As a result, the Court finds that defendant has failed to meet its burden of demonstrating that bifurcation is appropriate under Rule 42.

## II. MOTION TO CONSOLIDATE

Plaintiff seeks to consolidate this case ("Case No. 19-cv-01741") with *A1 Garage Door Service, L.L.C. v. Jeremy West*, Case No. 21-cv-01821 ("Case No. 21-cv-01821").[3] Docket No. 225 at 1; Docket No. 225-1 at 1.[4] Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. D.C.COLO.LCivR 42.1. This is the case with the lowest case number.

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367

---

[3] Plaintiff's motion states that it seeks to consolidate this action, Case. No. 19-cv-01741, with "Case Number *19CV1741* captioned as A1 Garage Door Services, LLC v. Jeremy West." Docket No. 225 at 1 (emphasis added). This appears to be a typographical error.

[4] All references to docket numbers refer to entries in Case No. 19-cv-01741 unless otherwise specified.

(D. Colo. 2004) (quoting 9 Wright & Miller, *Fed. Prac. & Proc.* § 2381 at 427 (2nd ed. 1995)). Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Plaintiff states that this case was filed on June 14, 2019 and has since progressed through a lengthy history, but is now set for trial beginning on June 2, 2022. Docket No. 225 at 1–2; *see also* Docket Nos. 1, 228. "Following the depositions of [defendant's] owner and general manager, and just days before the [p]retrial conference," defendant filed a complaint against one of plaintiff's independent contractors, Jeremy West, who is represented by the same law firm as plaintiff. Docket No. 225 at 2. Plaintiff argues that the cases should be consolidated in the interests of "judicial economy and fairness to the parties" because they are "overlapping actions with nearly identical threshold common issues of fact and law." *Id.* Besides its conclusory assertion that consolidation would conserve judicial resources and promote fairness, plaintiff's sole argument is that discovery could be reduced in Case No. 21-cv-01821 to initial disclosures and three depositions, which could be resolved without needing to extend the June 20, 2022 trial date. *Id.* at 3.

Defendant argues that the Court should deny the motion to consolidate for four reasons. First, defendant argues that plaintiff filed two motions in the same case, did not include the correct reference to the case numbers, and failed to file a notice of the motion in Case No. 21-cv-01821. Docket No. 230 at 2. The Court disagrees. Filing a duplicate motion to correct a clerical mistake is not grounds to deny a motion. Nor is a typographical error. In addition, plaintiff's belated filing of the notice in Case No. 21-cv-

01821 appears to have been harmless, as defense counsel in this case, who received notice of the motion to consolidate, represent plaintiff in Case No. 21-cv-01821.

Second, defendant argues that the motion to consolidate is untimely and would unduly burden and prejudice defendant, as trial is set for June 20, 2022 in this matter, but Case No. 21-cv-01821 is in the beginning of the pleading stage. Docket No. 230 at 2. The Court agrees with defendant. This matter has progressed for more than two years, discovery is complete or nearly there, and the Court has resolved numerous dispositive motions. On the other hand, Case No. 21-cv-01821 was filed two years later, on July 2, 2021, and only one motion has been filed, a motion to strike affirmative defenses, which has yet to be resolved. Given that these matters are in such different procedural postures, the Court finds that judicial efficiency would not be served by consolidation and that consolidation would not result in a more expeditious or efficient resolution of the parties' claims and defenses. *See Sgaggio v. Poole*, No. 19-cv-01975-PAB-KMT, 2021 WL 3726202, at *2 (D. Colo. Aug. 23, 2021) (citing *Otter Prod., LLC v. Treefrog Dev., Inc.*, No. 11-cv-02180-WJM-KMT, 2013 WL 490964, at *1 (D. Colo. Feb. 7, 2013); *Adams v. Veolia Transp.*, No. 11-cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012)). Because the Court finds that neither judicial economy nor efficiency would result from consolidation, the Court declines to consider whether the two cases have common issues of law and fact or whether consolidation would prejudice the parties.

### III. CONCLUSION

For the foregoing reasons, it is


**ORDERED** that Defendant's Motion for Bifurcation of Liability and Damages [Docket No. 133] is **DENIED**. It is further

**ORDERED** that Plaintiff's Request for Expedited Ruling on Joint Request for Bifurcation of Liability and Damages [Docket No. 200] is **DENIED as moot**. It is further

**ORDERED** that plaintiff's Motion to Consolidate [Docket No. 224] is **DENIED as moot**. It is further

**ORDERED** that plaintiff's Motion to Consolidate [Docket No. 225] is **DENIED**.

DATED September 13, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge