# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01741-PAB-NYW

OVERHEAD SOLUTIONS, INC., D/B/A A1 GARAGE DOORS, a Colorado corporation,

    Plaintiff,

v.

A1 GARAGE DOOR SERVICE, L.L.C., an Arizona limited liability company,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff's Motion for Attorneys' Fees (the "Motion for Attorney's Fees") [Doc. 241, filed August 27, 2021] and the Motion to Strike [Doc. 251, filed September 28, 2021] (collectively, the "Motions"). This court considers the Motions pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated July 31, 2019 [Doc. 14], and the Memoranda dated August 27, 2021 [Doc. 242] and September 28, 2021 [Doc. 253]. Upon review of the Motions and the related briefing, the entire docket, and the applicable case law, it is **ORDERED** that the Motion for Attorney's Fees is **DENIED without prejudice**[1] and the Motion to Strike is

---

[1] "The Tenth Circuit has acknowledged, without resolving, a split in authority with regard to 'whether a magistrate judge may only recommend Rule 11 sanctions under § 636(b)(1)(B) . . . or may actually order such sanctions as a nondispositive pretrial matter under § 636(b)(1)(A),'" *Carlson v. Town of Mountain Vill.*, No. 17-cv-02887-PAB-STV, 2019 WL 5819971, at *1 (D. Colo. Nov. 7, 2019) (quoting *Hutchinson v. Pfeil*, 208 F.3d 1180, 1185 n.7 (10th Cir. 2000)), and there is similarly a split in this District as to whether a Rule 11 motion for attorney's fees referred to a magistrate judge should be addressed by recommendation or by order. *See, e.g.*, *Vazirabadi v. Denver Pub. Sch.*, No. 17-cv-01194-WJM-SKC, 2019 WL 2590936, at *13 (D. Colo. June 25, 2019), *aff'd*, 820 F. App'x 805 (10th Cir. 2020)) (describing a denial of Rule 11 sanctions as non-dispositive; *but see Malibu Media, LLC v. Maness*, No. 12-cv-01873-RBJ-MEH, 2012 WL 7848837, at *1 n.1 (D. Colo. Dec. 4, 2012), *report and recommendation adopted*, 2013 WL 1397275 (D. Colo. Apr. 5, 2013) (proceeding by recommendation). And in the context of

**DENIED**.[2]

## BACKGROUND

This court and the presiding judge, the Honorable Philip A. Brimmer, have previously discussed the facts and procedural posture of this case at length, *e.g.*, [Doc. 121; Doc. 160; Doc. 172], and the court will not do so again here except as necessary for the present Motion. Plaintiff Overhead Solutions, Inc. d/b/a A1 Garage Doors ("Plaintiff") initiated this action by filing a Verified Complaint and Jury Demand on June 14, 2019. [Doc. 1]. In the Complaint, Plaintiff alleges that Defendant A1 Garage Door Service, L.L.C ("Defendant") infringes on its trademark under Colorado law, Colo. Rev. Stat. § 7-7-101 *et seq.*; infringes on its common law trademark rights; (3) misappropriates its identity under Colorado law; and (4) violates the Colorado Consumer Protection Act. It also seeks injunctive relief as to its trademark claims. Defendant, through counsel, filed a Verified Answer to Plaintiff's Complaint and Defendant A1 Garage Door Service, L.L.C.'s Counterclaims (the "Answer") on September 26, 2019, asserting counterclaims of trademark infringement under the federal Lanham Act, 15 U.S.C. § 1117(a); false designation

---

*discovery* sanctions, the Tenth Circuit has advised that, in the context of a motion for discovery sanctions, "if the magistrate judge does not impose a dispositive sanction," the order "falls under Rule 72(a) rather than Rule 72(b)"—i.e., is considered a non-dispositive order. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). Because Plaintiff does not seek, and the court does not impose, dispositive sanctions, the court proceeds by order on the Motion for Attorney's Fees. *See Carlson*, 2019 WL 5819971, at *1 n.1.

[2] "The Tenth Circuit Court of Appeals has not explicitly stated whether a ruling on a motion to strike under Fed. R. Civ. P. 12(f) is dispositive." *Chung v. Lamb*, No. 14-cv-03244-WYD-KLM, 2016 WL 11548167, at *1 n.2 (D. Colo. Aug. 30, 2016). However, courts in this District have concluded that "when the Rule 12(f) motion to strike is not dispositive of any party's claims or defenses, the Magistrate Judge retains authority to enter an order disposing of the motion." *Id.*; *see also Menapace v. Alaska Nat'l Ins. Co.*, No. 20-cv-00053-REB-STV, 2021 WL 2012324, at *1 n.1 (D. Colo. May 20, 2021). Because the resolution of this Motion to Strike is not dispositive of any claim, defense, or party in this action, this court has authority to enter an order disposing of the Motion to Strike.

of origin, unfair competition, and false advertisement pursuant to the Lanham Act, 15 U.S.C. § 1125(c); common law trade name infringement; violation of the Uniform Deceptive Trade Practices Act; common law unfair competition; seeking accounting; and cancellation of Plaintiff's state trademark registration. [Doc. 24].

This court entered a Scheduling Order on October 29, 2019, setting a deadline to amend the pleadings for December 13, 2019. [Doc. 37 at 10]. On July 12, 2021, Defendant filed a Motion to Add Additional Remedy to Counterclaim (the "Motion to Add Additional Remedy"). [Doc. 211]. Though styled as a motion seeking to amend its Counterclaim remedies, Defendant in actuality "request[ed] that this Court enter an order under 11 USC 523(a)(6) [sic] which precludes Plaintiff from discharging any debt owed to Defendant when Plaintiff files for bankruptcy" so that Plaintiff would be barred "from filing bankruptcy in an attempt to extinguish debts owed to Defendants [sic]." [*Id.* at 1, 5-6]. In support, Defendant represented that "[t]hrough the course of this litigation, Plaintiff ha[d] continually made claims and assertions on record of its financial losses and other alleged shortcomings" and argued that "[o]ne does not have to look far to connect the dots in expecting that if, and when, a judgment is entered against Plaintiff in favor of Defendant on its counterclaims, that Plaintiff's next steps . . . will be to file bankruptcy and seek to discharge any debts it may then owe to Defendant." [*Id.* at 2]. Thus, Defendant sought a court order ruling that, should Defendant ultimately prevail in this case, Plaintiff would not be permitted to discharge any debts resulting from such outcome in any anticipated future bankruptcy. [*Id.* at 5].

This court found numerous bases to deny the Motion to Add Additional Remedy. *See* [Doc. 236]. First, the court found that Defendant's motion "[was], in essence, a motion to amend the Scheduling Order and Counterclaim" and noted that Defendant had failed to make any argument that modifying the Scheduling Order was appropriate under Rule 16(b) of the Federal

Rules of Civil Procedure, which alone was a sufficient bases to deny Defendant's motion. [*Id.* at 1 n.1, 2]; *see also* [Doc. 211]. Second, the court found Defendant's requested relief speculative, as it presupposed a judgment in its favor; that such judgment would include monetary damages against Plaintiff and for Defendant; and that Plaintiff would subsequently file for bankruptcy and seek to discharge any debts it owed to Defendant. [Doc. 236 at 3]. Moreover, the court found the Motion to Add Additional Remedy premature. [*Id.*]. Section 523(a) of Title 11 of the United States Code—the statute under which Defendant sought relief—precludes a debtor from discharging any debt for willful and malicious injury by the debtor to another entity, *see* 11 U.S.C. § 523(a)(6), and at the time Defendant filed its Motion to Add Additional Remedy, there was no debtor nor any debt as defined by the relevant bankruptcy statutes. *See* 11 U.S.C. § 101(12)-(13); *see also* [Doc. 236 at 3].

Furthermore, the court found that granting Defendant's request would require the court to invade the province of the jury. [*Id.*]. More specifically, 11 U.S.C. § 523(a)(6) prohibits the discharge of debts for "willful and malicious injury," and Defendant repeatedly argued in its Motion to Add Additional Remedy that its requested relief was appropriate because Plaintiff's alleged infringement was or is willful. *See, e.g.*, [Doc. 211 at 5]. But as the court noted in its Minute Order, whether any alleged infringement was willful is a question for the jury to decide. [Doc. 236 at 3 (citing *Vail Assocs., Inc. v. Vend-Tel-Co.*, 516 F.3d 853, 869 (10th Cir. 2008))]. Thus, any court order providing the requested relief "would necessarily, by implication, suggest that Plaintiff not only engaged in the conduct Defendant alleges that it did, but also that such alleged conduct was willful," which would have been improper. [Doc. 236 at 3]. And finally, the court noted that Defendant had cited "no legal authority demonstrating that a district court has the authority" to enter the requested relief, and based on the court's independent research, the court

4

found that Defendant's request was more appropriately directed at a bankruptcy court.  [*Id.* at 4].

In its Response to the Motion to Add Additional Remedy, Plaintiff had requested "costs, expenses, and legal fees" on the basis that Defendant's motion was groundless, frivolous, and vexatious.  [Doc. 220 at 4-9].  This court "agree[d] with Plaintiff that the lack of legal support in the Motion [was] troubling, and the personal attacks on Plaintiff's owner [were] inexcusable," but declined to recommend any award of sanctions because Plaintiff's request was not properly before the court under the Local Rules.  [Doc. 236 at 4]; D.C.COLO.LCivR 7.1(d).

Three days later, on August 27, 2021, Plaintiff filed the instant Motion for Attorney's Fees, seeking "reimbursement for Plaintiff's attorneys' fees for defending itself against Defendant's Motion [to Add Additional Remedy] because Defendant's Motion is groundless, frivolous and vexatious, and filed in bad faith."  [Doc. 241 at ¶ 4].  Plaintiff argues that sanctions are warranted under Rule 11 of the Federal Rules of Civil Procedure.  *See* [*id.* at ¶¶ 13-14].  Defendant responded on September 17, 2021, arguing that its Motion to Add Additional Remedy was not frivolous or vexatious because it was "based on [e]vidence" and "based on established facts in the case."  [Doc. 247 at 2-3].  Moreover, Defendant asserts that the court has "clearly . . . misconstrued the relief sought" in its Motion to Add Additional Remedy and "requests that, based on its clarification of the relief sought in its Motion [to Add Additional Remedy], that this Court reconsider its [Minute Order] denying Defendant's Motion [to Add Additional Remedy]."  [*Id.* at 4].[3]

Attached to Defendant's Response is an email from Plaintiff's former counsel to defense counsel ("Exhibit A"), which contains one unredacted sentence stating that "[t]here is a substantial possibility that [Plaintiff] has to file bankruptcy."  [Doc. 247-1 at 2].  On September 28, 2021,

---

[3] Defendant makes the same request in its Response to the Motion to Strike.  [Doc. 258 at 5].

5

Plaintiff filed a Reply in support of its Motion for Attorney's Fees, [Doc. 252], as well as the instant Motion to Strike. [Doc. 251]. In the Motion to Strike, Plaintiff requests that the court strike Exhibit A, as well as all references to Exhibit A, under Rule 12(f) of the Federal Rules of Civil Procedure. [*Id.* at 4]. In support, Plaintiff argues that Exhibit A is inadmissible under Rule 408 of the Federal Rules of Evidence. [*Id.*]. Defendant responded to the Motion for Attorney's Fees on October 19, 2021, [Doc. 258], to which Plaintiff has since replied. [Doc. 264]. Because the Motions are ripe for consideration, I consider the Parties' arguments below.

## LEGAL STANDARDS

**I.  Rule 11**

Rule 11(b) of the Federal Rules of Civil Procedure provides:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "Rule 11 applies at any point that the party advocates a frivolous claim, including at trial." *Hach Co. v. In-Situ, Inc.*, No. 13-cv-02201-CBS, 2016 WL 9725765, at *10

(D. Colo. Nov. 22, 2016).

The aim of Rule 11 is to deter sanctionable conduct rather than compensate the opposing party, and thus an appropriate sanction under Rule 11 must be tailored to this purpose and may include attorney's fees and other expenses arising from the violation. *See Grynberg v. Ivanhoe Energy, Inc.*, 663 F. Supp. 2d 1022, 1025 (D. Colo. 2009). However, a court may not impose a monetary sanction against a represented party based on a violation of Rule 11(b)(2). Fed. R. Civ. P. 11(c)(5)(A).

But before a court may impose sanctions under Rule 11, the movant must serve its motion for sanctions on the opposing party under Rule 5 of the Federal Rules of Civil Procedure and may not file the motion with the court if the opposing party withdraws or corrects the alleged infraction within 21 days of receipt of the motion. *See Harrington v. Aerogelic Ballooning, LLC*, No. 18-cv-02023-MSK-NYW, 2019 WL 2613334, at *4 (D. Colo. Apr. 25, 2019) (citing Fed. R. Civ. P. 11(c)(2)). Failure to abide by Rule 11(c)(2)'s safe harbor provision is reason alone to deny a motion for sanctions. *See Kazazian v. Emergency Serv. Physicians, P.C.*, 300 F.R.D. 672, 676-78 (D. Colo. 2014).

**II.    Rule 12**

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f), however, are generally disfavored. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985) (citing 5 Wright & Miller, Federal Practice and Procedure § 1380, at 783 (1969)). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993).

## ANALYSIS

### I. Motion for Attorney's Fees

***Rule 11***.  Plaintiff argues that it is entitled to attorney's fees pursuant to Rule 11(b).  *See* [Doc. 241 at ¶¶ 13-14].  However, Plaintiff fails to establish its compliance with Rule 11's safe-harbor provision, *see generally* [*id.*], and the court finds no such compliance here.

"[T]he 'safe-harbor' provision of Rule 11(c)(2) requires a party to serve a copy of its Rule 11 motion on the other party and to give that party an opportunity (generally 21 days) to withdraw or correct the challenged document before filing the sanctions motion with the court."  *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012) (unpublished).  Plaintiff filed its Motion for Attorney's Fees three days *after* this court's Minute Order denying the Motion to Add Additional Remedy, *see* [Doc. 236; Doc. 241], and there is no indication that Plaintiff served the Motion for Attorney's Fees (or a similar draft) on Defendant when Defendant initially filed its Motion for Additional Remedy and then waited for the 21-day safe-harbor period to elapse before filing its Motion.  [Doc. 241].  The court is thus unable to grant the relief Plaintiff seeks.  *See Espinoza v. Am. Fam. Mut. Ins. Co.*, No. 08-cv-00709-REB-MEH, 2008 WL 4538833, at *1 (D. Colo. Oct. 7, 2008) (denying Rule 11 motion because, *inter alia*, "[t]here [was] no evidence that this safe harbor was afforded" the non-moving party); *Mellott*, 492 F. App'x at 888 (finding that the district court abused its discretion in granting Rule 11 sanctions where the movant failed to comply with the safe-harbor provision).

***28 U.S.C. § 1927***.  Aside from raising arguments under Rule 11, Plaintiff states that its Motion for Attorney's Fees is brought "pursuant to F.R.C.P. 11 and 28 U.S.C. § 1927." [Doc. 241 at 1].  Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court in the United

> States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

"Whether to impose sanctions under § 1927 is a decision the court does not take lightly." *Grays v. Auto Mart USA, LLC*, No. 18-cv-01761-MSK-NYW, 2019 WL 7289024, at *4 (D. Colo. Sept. 25, 2019), *report and recommendation adopted*, 2019 WL 5541272 (D. Colo. Oct. 28, 2019) (citing *DMA Int'l, Inc. v. Qwest Commc'ns Int'l, Inc.*, 585 F.3d 1341, 1345 (10th Cir. 2009)). "[I]n the Tenth Circuit, the standard for imposing sanctions for unreasonably and vexatiously multiplying proceedings is an 'extreme standard,' and fees should be awarded as a sanction 'only in instances evidencing a serious and standard disregard for the orderly process of justice.'" *O'Rourke v. Dominion Voting Sys. Inc.*, --- F. Supp. 3d ----, No. 20-cv-03747-NRN, 2021 WL 3400671, at *14 (D. Colo. Aug. 3, 2021) (quoting *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015)). "Before awarding sanctions pursuant to § 1927, a court must make 'specific findings' identifying 'the extent of the multiplicity resulting from the attorney's behavior and the costs arising therefrom,' as well as describing the 'objectionable conduct' in sufficient detail to permit a meaningful response and facilitate appellate review. *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 WL 4368158, at *2 (D. Colo. Sept. 30, 2017) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1513 (10th Cir. 1987)).

Here, Plaintiff's one perfunctory citation to the statute on the first page of its Motion for Attorney's Fees is the *only* reference to the statute contained in the Motion; indeed, Plaintiff raises no actual argument that attorney's fees are warranted under § 1927. *See* [Doc. 241]. And although Plaintiff states generally that the Motion to Add Additional Remedies was "vexatious," *see* [*id.* at

9

¶¶ 4, 11], Plaintiff raises no argument that defense counsel "multiplie[d] the proceedings in [this] case unreasonably and vexatiously," *see generally id*., nor does Plaintiff identify "the extent of the multiplicity resulting from [defense counsel's] behavior and the costs arising therefrom." *Braley*, 832 F.2d at 1513; *see also* [Doc. 241].

The court declines to award attorney's fees under § 1927. Plaintiff, who is represented, has made no argument that sanctions are warranted or appropriate under § 1927 and thus has failed to present the court with any legal or factual basis for an award of fees under § 1927. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840 (10th Cir. 2017) (unpublished) (declining to address arguments where the parties "merely cite[d] the [relevant] statutes in their appellate brief, without any meaningful discussion or analysis of them."); *Houston Casualty Co. v. Swinerton Builders*, No. 20-cv-03558-NYW, 2021 WL 5736435, at *15 (D. Colo. Dec. 2, 2021) ("Undeveloped arguments lacking legal authority or adequate explanation are unhelpful to the court and are deemed waived."); *cf. Paycom Payroll, LLC v. Richison*, No. CIV-09-488-W, 2011 WL 13112252, at *1 (W.D. Okla. June 27, 2011) ("The Court did not consider the plaintiffs' cursory reference to 28 U.S.C. § 1927 in their Supplemental Brief.").

Moreover, even if the court did consider Plaintiff's argument under § 1927, the lack of substantive argument renders its request for fees untenable. Indeed, absent a more developed record from Plaintiff, the court is unable to "make specific findings identifying the extent of the multiplicity resulting from the attorney's behavior and the costs arising therefrom," as required to impose § 1927 sanctions. *Crocs, Inc.*, 2017 WL 4368158, at *2 (quotation omitted); *cf. Asia Strategic Inv. Alls., Ltd. v. Gen. Elec. Cap. Servs., Inc.*, No. CIV. A. 95-2479-GTV, 1997 WL 277309, at *2 (D. Kan. May 15, 1997) ("As the moving parties, defendants bear the burden to show that counsel for plaintiff violated 28 U.S.C. § 1927."). In light of the "heavy burden for

establishing a right to fees under Section 1927," *Adams v. Cowley Cinema 8, LLC*, No. 18-1034-JTM, 2019 WL 2120855, at *4 (D. Kan. May 15, 2019), the court declines to award fees under § 1927 absent any attempt to show such fees are warranted.[4]

To be clear, the court's prior determinations that "the lack of legal support in the Motion [to Add Additional Remedy] is troubling, and the personal attacks on Plaintiff's owner are inexcusable," *see* [Doc. 236 at 4], remain true today, as discussed further below. But in light of the procedural deficiencies in Plaintiff's Motion for Attorney's Fees, the court expressly does not pass on whether defense counsel's conduct is sanctionable. Finding no basis to award fees at this juncture, the Motion for Attorney's Fees is **DENIED without prejudice**.

## II. Defendant's Request for Reconsideration

Insofar as Defendant requests that the court reconsider its August 24, 2021 Minute Order, *see* [Doc. 247 at 4], the court declines to do so. As pointed out numerous times in this litigation, *see* [Doc. 160; Doc. 231; Doc. 236], requests for relief must be made via formal motion and not through a response to a motion. D.C.COLO.LCivR 7.1(d). Thus, Defendant's cursory request included in its response brief cannot properly be construed as a motion for reconsideration. Moreover, while Defendant suggests that "clearly" the court "misconstrued the relief sought" in Defendant's Motion to Add Additional Remedy, [Doc. 247 at 3], such is not the case. Defendant states in its Response that it "simply seeks an order, should this Court find in Defendant's favor,

---

[4] While the court has the "inherent authority" to impose sanctions against an attorney who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Hutchinson v. Pfeil*, 208 F.3d 1180, 1186 (10th Cir. 2000) (quotation omitted), the court declines to do so here. The Tenth Circuit has discouraged courts from *sua sponte* imposing sanctions to circumvent a procedurally improper Rule 11 motion. *See id.* at 1187 (instructing that courts "must be especially cautious in invoking inherent authority to cure a procedurally defective Rule 11 [motion], lest the restrictions in Rule 11 become meaningless.") (quotation omitted and alterations changed).

that Plaintiff's continued use of Defendant's registered trademark was 'willful and malicious' in accordance with 11 U.S.C. § 523(a)(6)." [Doc. 247 at 3]. This is the exact relief the court construed the Motion to Add Additional Remedy as seeking:

> Defendant seeks a court order ruling that Plaintiff cannot discharge any debts that it may owe to Defendant in bankruptcy under § 523(a)(6), which precludes a bankruptcy debtor from discharging debt "for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6). Defendant suggests that Plaintiff's alleged infringement is willful, and thus a court order under § 523(a)(6) is appropriate. . . . However, whether any alleged infringement was willful is a question for the jury to decide. . . . If this court were to grant Defendant the speculative relief it seeks, such an order would necessarily, by implication, suggest that Plaintiff not only engaged in the conduct Defendant alleges that it did, but also that such alleged conduct was willful. Such a court order would be improper.

[Doc. 236 at 3 (citations omitted)].

To be sure, Defendant cites no legal authority in its Response related to this court's prior legal rulings or otherwise demonstrating that (1) a district court has the authority to "enter an order" under 11 U.S.C. § 523(a)(6); (2) it would be proper for a court to speculate or make a ruling as to Plaintiff's state of mind or intent prior to the jury's determination of such intent; or (3) such an order could even be entered absent a bankruptcy proceeding. *See* [Doc. 247]; *see also Simpson v. T.D. Williamson Inc.*, 414 F.3d 1203, 1206 n.4 (10th Cir. 2005) (declining to consider arguments made by a party who "ha[d] not cited a single authority in support of its arguments" and had not "argued that its positions [were] sound despite a lack of supporting authority or in the face of contrary authority").[5]

Defendant's Motion to Add Additional Remedy contained the same lack of supporting

---

[5] Furthermore, notwithstanding Defendant's assertion that the court "misconstrued" the relief it sought, Defendant fails to address its failure to raise any argument in its Motion to Add Additional Remedy pursuant to Rule 16(b), which the court found was a sufficient basis alone to deny that Motion. *See* [Doc. 247]; *see also* [Doc. 236 at 2].

12

authority, *see generally* [Doc. 211], which caused the court to expend its finite judicial resources conducting its own independent research to explain to Defendant the numerous reasons why its Motion to Add Additional Remedy and the requests therein lacked merit. *See, e.g.*, [Doc. 236 at 3-4]; *cf. Taylor v. Principi*, No. 02-4083-JAR, 2004 WL 303208, at *10 (D. Kan. Feb. 4, 2004), *aff'd*, 141 F. App'x 705 (10th Cir. 2005) (unpublished) ("Plaintiff's failure to cite to any authority that goes to the merits of Plaintiff's case is an oversight that is not acceptable to the Court. It causes the Court to do research in an attempt to fully understand Plaintiff's position, which would otherwise be unnecessary had Plaintiff's counsel been more diligent, and is a waste of judicial resources."). This court's denial of Plaintiff's request for sanctions should not be construed as an endorsement of Defendant's litigation conduct.

All counsel are hereby **REMINDED** that, by presenting a filing to the court, counsel is "certif[ying] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the legal contentions <u>are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law</u>." Fed. R. Civ. P. 11(b)(2) (emphasis added); *see also Robey-Harcourt v. BenCorp Fin. Co., Inc.*, 326 F.3d 1140, 1143 (10th Cir. 2003) ("Parties must support their arguments with legal authority."); *see also* D.C.COLO.LCivR 7.1(d) ("[A] motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion."). The submission of unsupported and underdeveloped motions and arguments is unhelpful to the court and impedes the advancement of this litigation and the resolution of this case. Counsel should exercise due diligence in future filings before the court.

**III.     Motion to Strike**

I now turn to Plaintiff's arguments that Defendant's Exhibit A and all references thereto should be stricken under Rule 12(f). In the Motion to Strike, Plaintiff argues that Exhibit A is inadmissible under Rule 408 of the Federal Rules of Evidence and, for this reason, requests that the court "strike from Defendant's Response . . . Exhibit A and any references to Exhibit A." [Doc. 251 at 1, 4].[6]

The court will deny Plaintiff's Motion to Strike. Rule 12(f) permits a court to strike "*from a pleading* . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Pleadings, as defined by Rule 7(a), are different from 'motions and other papers.'" *Edmond v. Clements*, No. 11-cv-00248-RBJ-KLM, 2013 WL 2029589, at *1 (D. Colo. May 14, 2013). "Pleadings only include a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a counterclaim, a third-party complaint, an answer to a third-party complaint, and, if court-ordered, a reply to an answer." *Id.* (citing Fed. R. Civ. P. 7(a)).

A response to a motion is not a pleading subject to Rule 12(f), *Kartiganer v. Newman*, No. 09-cv-00050-WYD-MEH, 2010 WL 3928087, at *4 (D. Colo. Sept. 24, 2010), *aff'd*, 450 F. App'x 713 (10th Cir. 2011) (unpublished), nor is an exhibit. *Duran v. Metro Treatment of Colo., L.P.*, No. 18-cv-00547-PAB-GPG, 2019 WL 4450220, at *1 (D. Colo. Sept. 17, 2019). Because Rule 12(f) does not permit the striking of non-pleadings, and because Plaintiff offers no alternative

---

[6] Insofar as Defendant argues that it was necessary to include Exhibit A to demonstrate that it had a good faith basis for filing the Motion to Add Additional Remedy, *see* [Doc. 258 at 4], the court is unpersuaded. The court found that the Motion to Add Additional Remedy lacked any legal basis, *see generally* [Doc. 236], and Defendant's citation to one sentence from an email during settlement negotiations does not remedy the numerous legal defects in the Motion to Add Additional Remedy.

authority under which to strike Exhibit A, denial of Plaintiff's Motion to Strike is appropriate. *See Conry v. Baker*, No. 14-cv-02672-CMA-KLM, 2015 WL 4400536, at *1 (D. Colo. July 20, 2015) (denying motion to strike a response as inappropriate under Rule 12(f)); *Tapia v. City of Albuquerque*, No. CIV 13-0206 JB/ACT, 2014 WL 2757519, at *1 (D.N.M. May 31, 2014) (same).

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that:

(1) Plaintiff's Motion for Attorneys' Fees [Doc. 241] is **DENIED without prejudice**; and

(2) The Motion to Strike [Doc. 251] is **DENIED**.

DATED: December 13, 2021

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge