IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01741-PAB-NYW

OVERHEAD SOLUTIONS, INC., d/b/a A1 Garage Doors, a Colorado corporation,

 Plaintiff,

v.

A1 GARAGE DOOR SERVICE, L.L.C., an Arizona limited liability company,

 Defendant.

## ORDER

 This matter is before the Court on Defendant's Motion for Summary Judgment [Docket No. 281].[1]  Defendant seeks partial summary judgment on plaintiff's misappropriation of identity and Colorado Consumer Protection Act ("CCPA") claims. *Id.*  Plaintiff responded to defendant's motion, Docket No. 145, and defendant replied. Docket No. 282.

## I. BACKGROUND[2]

 This lawsuit arises out of a dispute concerning the trade name and trademark

---

[1] On November 20, 2020, defendant moved for summary judgment on plaintiff's claims and defendant's counterclaims.  Docket No. 142.  On January 26, 2022, defendant filed an unopposed motion to partially withdraw its summary judgment motion, Docket No. 274, which the Court granted.  Docket No. 280.  Defendant attached to its motion to withdraw a proposed motion and reply, Docket Nos. 274-1, 274-2, respectively, which were docketed at Docket Nos. 281 and 282, respectively.

[2] Additional undisputed background facts may be found in the Court's previous summary judgment order.  *See* Docket No. 172 at 1–3; *Pelletier v. United States*, No. 11-cv-01377-WJM-CBS, 2015 WL 4387909, at *2 (D. Colo. July 17, 2015) (drawing undisputed facts in summary judgment order from prior summary judgment order), *aff'd*, 653 F. App'x 618 (10th Cir. 2016) (unpublished).

"A1 Garage Doors" (the "Mark") and whether plaintiff or defendant first used the Mark. *See* Docket No. 172 at 1. Plaintiff alleges that it has maintained actual and continuous use of the Mark and claims common law and statutory trademark rights. Docket No. 281 at 3, ¶ 2. Plaintiff brings claims for Colorado statutory trademark infringement, common law trademark infringement and unfair competition, injunctive relief, misappropriation of identity, and violation of the CCPA. *Id.*, ¶ 1. Defendant counterclaims, under the Lanham Act, for federal trademark infringement, false designation of origin, unfair competition, and false advertising, and, under the common law, unfair competition, trade name infringement, and deceptive trade practices. *Id.*, ¶ 3. Defendant also seeks an accounting and cancellation of plaintiff's trademark. *Id.*

## II.  LEGAL STANDARD

Defendant seeks summary judgment. Docket No. 281. Summary judgment is warranted when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotation omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely

on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

Here, the facts asserted in the parties' briefing are background facts and are almost all undisputed. *See* Docket No. 281 at 3; Docket No. 145 at 1–2, ¶¶ 1–4. Moreover, defendant's argument is focused on plaintiff's failure to state a claim based on the allegations in the complaint. *See, e.g.*, Docket No. 281 at 18 ("The proper theory of recovery for the alleged wrongful use of a trademark is that of trademark infringement and/or unfair competition."). Therefore, to the extent that defendant argues that plaintiff fails to state a claim, the Court will consider the argument under the standard for a motion for judgment on the pleadings. The Court reviews a motion for judgment on the pleadings much as it does a motion to dismiss pursuant to Rule 12(b)(6). *See Adams v. Jones*, 577 F. App'x 778, 781–82 (10th Cir. 2014) (unpublished) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion.") (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond St. Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013) (unpublished)). The Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id.* at 782. To prevail, the moving party must show

that "no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). A "motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Wright & Miller, *Fed. Prac. & Proc.* § 1367 (3d ed., Apr. 2021); *see also Park Univ. Enters.*, 442 F.3d at 1244 ("Judgment on the pleadings should not be granted unless the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." (quotation marks omitted)).

## III. ANALYSIS

Defendant seeks dismissal of plaintiff's fourth and fifth claims, which plaintiff titles "misappropriation of identity" and violation of CCPA, respectively. Docket No. 274 at 2; Docket No. 281 at 17–20; Docket No. 1 at 8–9, ¶¶ 70–83.

### A. Claim 4

In plaintiff's "misappropriation of identity" claim, plaintiff alleges that it has "established a strong identity and reputation with consumers" using the A1 Garage Doors mark and that the interests in plaintiff's exclusive use of its identity are protected by "the rule against the appropriation of name or likeness by a third party." Docket No. 1 at 8, ¶¶ 71–72. Plaintiff further alleges that "[d]efendant has used and is using [p]laintiff's name or likeness when it uses the name 'A1 Garage Door Services.'" *Id.*, ¶ 73. Plaintiff states that, "[b]y advertising, promoting, selling services under 'A1

4

Garage Door Services,' and failing to correct or address the current and ongoing consumer confusion . . . between [p]laintiff and [d]efendant, [d]efendant has appropriated for its own use or benefit the company identity, reputation, prestige, commercial standing, and goodwill of [p]laintiff in its services, and has otherwise sought to obtain for itself the values or benefits of [p]laintiff's identity, reputation[,] and goodwill." *Id.*, ¶ 74. In its complaint, plaintiff relies on *Joe Dickerson & Assocs., LLC v. Dittmar*, 34 P.3d 995, 997 (Colo. 2001). *Id.*, ¶ 72.[3] *Joe Dickerson* concerns the "tort of invasion of privacy by appropriation of another's name or likeness." 34 P.3d at 997. *Joe Dickerson* explained that "elements of this tort are: (1) the defendant used the plaintiff's name or likeness; (2) the use of the plaintiff's name or likeness was for the defendant's own purposes or benefit, commercially or otherwise; (3) the plaintiff suffered damages; and (4) the defendant caused the damages incurred." *Id.* The Colorado Supreme Court, however, left open the question of whether Colorado law allows recovery of commercial damages under the rubric of privacy or publicity. *See id.* at 1002 ("[W]e decline to include the second element of value," i.e., whether the plaintiff's identity has value, "as a required element of the tort."). The Colorado Civil Jury Instructions similarly explain that *Joe Dickerson* "limited recovery to 'personal damages,' including mental anguish and injured feelings" and "intended those damages to include emotional injury, harm to reputation and related financial losses, but not

---

[3] In response to defendant's motion, plaintiff cites to *Joe Dickerson* as well as to the Restatement (Third) of Restitution and Unjust Enrichment § 42 (2011). Docket No. 145 at 15. However, plaintiff identifies and applies only the elements enumerated in *Joe Dickerson* for the claim of invasion of privacy by appropriation of another's name. *Id.* at 15–16. The Court, therefore, assumes that plaintiff asserts only that claim.

damages based upon the commercial value of one's persona." Colo. Jury Instr., Civil 28:4 (4th ed., Apr. 2021 update).

Defendant argues that invasion of privacy by appropriation of another's name is not available "as an appropriate theory of recovery for a trademark of a business entity," that the cases that discuss the misappropriation of identity in the context of a trademark stress that the plaintiff must show harm to "his own persona," and that the "proper theory of recovery for the alleged wrongful use of a trademark is that of trademark infringement and/or unfair competition." Docket No. 281 at 17–18. Defendant states that it identified two cases "which discuss [invasion of privacy] in the context of a trademark, but relief was not granted on those grounds." *Id.* at 17. The two cases that defendant cites are *Quinn v. CCS Holding Bus. Tr.*, No. 19-cv-01417-STV, 2019 WL 6838953 (D. Colo. Dec. 16, 2019), and *Donchez v. Coors Brewing Co.*, 392 F.3d 1211 (10th Cir. 2004). In *Quinn*, the court stated that *Joe Dickerson* does not require a valid copyright or trademark for relief on a claim for invasion of privacy by appropriation of another's name or likeness and denied the plaintiff's claim for invasion of privacy because the plaintiff had not adequately alleged damages. *Id.* at *4. *Quinn* does not establish whether a business, as opposed to a person, may maintain an invasion of privacy claim regarding a trademark. Additionally, *Donchez* is inapposite because it relied on *Joe Dickerson* for resolution of a "violation of the common law right of publicity" claim, 392 F.3d at 1220, which is not the same cause of action that plaintiff asserts in this matter.

While the Court agrees with defendant that plaintiff's misappropriation, trademark infringement, and unfair competition claims appear targeted at the same

6

conduct of defendant, the fact that claims may be redundant does not entitle defendant to summary judgment or judgment on the pleadings. Summary judgment and judgment on the pleadings are appropriate only when there are no factual issues and the movant is entitled to judgment as a matter of law. However, defendant is correct that plaintiff, a business, cannot maintain a "misappropriation of identity" claim under *Joe Dickerson*, which states the elements of the tort of invasion of privacy by appropriation. *See, e.g.*, *Yang v. Mayorkas*, No. 20-cv-01806-RM-KMT, 2021 WL 1200682, at *9 (D. Colo. Feb. 25, 2021), *report and recommendation adopted*, 2021 WL 1192965 (D. Colo. Mar. 30, 2021); *Slaughter v. John Elway Dodge Sw./AutoNation*, 107 P.3d 1165, 1171 (Colo. App. 2005). Moreover, the tort of invasion of privacy by appropriation addresses harms suffered by individuals, not businesses, as both *Joe Dickerson* and the Colorado Civil Jury Instructions explain that recovery is limited to "personal damages" for "mental anguish and injured feelings resulting from an appropriation," which injuries a business could not suffer, and "personal damages" does not include "pecuniary loss resulting from an unauthorized commercial exploitation." *See Joe Dickerson*, 34 P.3d at 999, 1001–1002; Colo. Jury Instr., Civil 28:4. The Court, therefore, will dismiss this claim.

### D.  Claim 5

Defendant also seeks dismissal of plaintiff's CCPA claim. Docket No. 281 at 18–20. In its CCPA claim, plaintiff alleges that defendant "knowingly made false representations as to the source, sponsorship, approval[,] and/or certification of the garage door sales and services provided by them in the Front Range." Docket No. 1 at 9, ¶ 80. Plaintiff also alleges that defendant "knowingly made false representations as to the affiliation, connection[,] and association with [p]laintiff," which "creates a

likelihood of confusion or of misunderstanding, including making statements that they are the ones advertising under the name[] A1 GARAGE DOORS, when, in fact, it was [p]laintiff." *Id.* ¶¶ 81–82.  In addition to its more general allegations that defendant has used a "nearly identical" or "deceptively similar" mark, plaintiff alleges that defendant placed an advertisement under the name "A1 Garage Door Services" in a magazine called *Money Mailer* in March 2019 and that, on April 30, 2019, an employee of plaintiff called defendant and asked if defendant was "the 'A1 Garage' located at '14 Inverness Drive,'" which is plaintiff's address. *Id.* at 3–4, ¶¶ 25, 28.  Plaintiff alleges that defendant confirmed that the caller had reached the correct company, which plaintiff believes is a fraudulent misrepresentation. *Id.*

A valid claim under the CCPA consists of the following elements: "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Two Moms & a Toy, LLC v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213, 1219 (D. Colo. 2012) (quoting *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146–47 (Colo. 2003)).  All elements of a CCPA claim must be met; otherwise, the claim fails as a matter of law. *HealthONE*, 805 F. Supp. 2d at 1120.  To assert a claim under the CCPA, plaintiff must meet the heightened Rule 9(b) pleading standard. *Id.* at 1120–21 ("Rule 9(b) requires a complaint to 'set forth the time, place and contents of the false representation, the identity of the party making the false

statements and the consequences thereof'" citing *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).  "A CCPA claim will only lie if the plaintiff can show the defendant knowingly engaged in a deceptive trade practice."  *See Crowe v. Tull*, 126 P.3d 196, 204 (Colo. 2006) (citation omitted); *HealthONE*, 805 F. Supp. 2d at 1121.  "A CCPA claim arises when a party knowingly makes a misrepresentation or makes a false representation that has the capacity to deceive."  *Rhino Linings*, 62 P.3d at 148.  A false representation "must either induce a party to act, refrain from acting, or have the capacity or tendency to attract consumers."  *Id.* at 147.

Defendant argues that plaintiff's CCPA claim must be dismissed because "[d]efendant cannot be engaged in an unfair or deceptive trade practice when using its own federally registered trademark for a legitimate business purpose."  Docket No. 281 at 19.  Defendant provides no authority for this argument, and there are no undisputed facts in defendant's motion regarding defendant's trademark or "business purpose."  Defendant also argues that it has not made any "deceptive or unfair representations to the public at large."  *Id.* at 20.  Again, however, defendant has provided no facts in its motion regarding this issue.  Defendant makes no other argument for dismissing this claim.

The Court considers the following relevant factors in determining "whether a challenged practice significantly impacts the public within the context of a CCPA claim": "(1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future."  *Rhino*

*Linings*, 62 P.3d at 149; *cf. Tara Woods Ltd. P'ship v. Fannie Mae*, 731 F. Supp. 2d 1103, 1123–24 (D. Colo. 2010) (dismissing CCPA claim on a motion for judgment on the pleadings because the purported deceptive practices solely concerned "the way in which the [d]efendant ha[d] handled the particular loan to [p]laintiff" and not "that the [d]efendants' deception ha[d] been perpetrated on the public at large," such as by making "false representations concerning the benefits or features of their products in advertising that was disseminated to a large number of consumers"), *aff'd*, 566 F. App'x 681 (10th Cir. 2014) (unpublished); *Warner v. Ford Motor Co.*, No. 06-cv-02443-JLK-MEH, 2008 WL 4452338, at *14 (D. Colo. Sept. 30, 2008) (considering *Rhino Linings*'s three public-impact factors on summary judgment).

While CCPA claims do not lie when the impact is purely private, "there is no dispute that deceptive practices implicate[] the public as consumers" when "misrepresentations [are] directed to the market generally, taking the form of widespread advertisement," *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998), and advertising that "potentially affects a large swath of the public via television, print media, radio, and the internet" can support a CCPA claim. *Crowe*, 126 P.3d at 209; *see also HealthONE*, 805 F. Supp. at 1122. Thus, although plaintiff's allegation concerning a single phone call on April 30, 2019 between one of plaintiff's employees and defendant is not sufficient to plausibly allege public impact for a CCPA claim, the Court previously found undisputed that plaintiff has experiences instances of customers confusing it and defendant, *see* Docket No. 172 at 3, and plaintiff has alleged that defendant's March 2019 *Money Mailer* advertising was a misrepresentation, *see* Docket No. 1 at 3 ¶ 24, which could directly impact the public as consumers because it was distributed through

direct marketing in the Denver metropolitan area. *Id.*; *see also Hall*, 969 P.2d at 230; *Rhino Linings*, 62 P.3d at 149. Although consumers choosing garage door companies may have relatively more bargaining power than car buyers, for instance, *see Warner*, 2008 WL 4452338, at *15, misleading advertisements could also impact consumers in the future. *See Rhino Linings*, 62 P.3d at 149. The Court finds that these allegations are sufficient to plausibly allege that the alleged misrepresentations in the *Money Mailer* advertisement were not merely a private wrong, *see HealthONE*, 805 F. Supp. 2d at 1122, and plaintiff has plausibly alleged the who made the statements and when and where the statements were made. *See, e.g.*, *Hauschild GMBH & CO. KG v. FlackTek, Inc.*, No. 20-cv-02532-PAB-STV, 2022 WL 392501, at *11 (D. Colo. Feb. 9, 2022) (citing *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398-PAB-KLM, 2011 WL 2415167, at *4 (D. Colo. June 10, 2011); *Pertile v. Gen. Motors, LLC*, No. 15-cv-0518-WJM-NYW, 2017 WL 4237870, at *8 (D. Colo. Sept. 22, 2017) (requiring a plaintiff to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof" (citation omitted)).

Defendant does not address the remaining elements of the CCPA claim, *see* Docket No. 281 at 20 ("The Court does not have to inquire into the remaining elements as [p]laintiff cannot satisfy the third necessary element."), and, accordingly, the Court does not consider them. The Court will thus deny defendant's motion as to plaintiff's CCPA claim, as defendant has not shown that it is "entitled to judgment as a matter of law," *see Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir.

2012), or that plaintiff has failed to plausibly allege the public impact element of the CCPA claim.  See *E.E.O.C. v. JBS USA, LLC*, 481 F. Supp. 3d 1204, 1213 (D. Colo. 2020) ("The question before the Court is not whether there are material disputes of fact, but whether – taking all of the claimants' allegations as true – the operative complaints sufficiently state a claim upon which relief can be granted." (citing 5C *Fed. Prac. & Proc.* § 1370 ("[A] party moving for a judgment on the pleadings impliedly admits the truth of its adversary's allegations and the falsity of its own assertions that have been denied by that adversary."); 5C *Fed. Prac. & Proc.* § 1368 ("[A] defendant will not succeed on a motion under Rule 12(c) if there are allegations in the plaintiff's pleadings that, if proved, would permit recovery on his claim.")).

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 281] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that plaintiff's fourth claim for relief, for misappropriation of identity, is **DISMISSED with prejudice**.

DATED March 1, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

12